CASE 18—EQUITY—APRIL 21, 1883.

# Winter, &c., v. Mannen, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. It is not averred in the petition of appellants that either appellee or Pepper purchased the land with actual notice of the alienation by Winter to his children, or of their reconveyance to him.

2. The provisions of chapter 44, article 1, section 2, General Statutes, affecting "purchasers with notice of the voluntary alienation or charge," must be *actual* notice.   Constructive notice arising from the record of the voluntary conveyance is insufficient.

BARBOUR & COCHRAN FOR APPELLANTS.

1. Where A conveyed to his children living, and such others as might thereafter be born to him, to take effect upon his death, upon the birth of any subsequent child during the life of A, the estate *in futuro* vests in him.   (Turner v. Patterson, 4 Johns., 61.)

2. If the existence of a claim can be ascertained by an inspection of the record, there is no estoppel. (7 Casey, 381; 93 U. S.)

3. As long as there is a life estate in existence, adverse possession cannot bar the remainderman. (Angell on Limitations, sec. 371.)

4. A voluntary conveyance, followed by a subsequent one for value, is not *per se* fraudulent. (Enders v. Williams, 4 Met., 346.)

5. Mere allegation of the evidence of a fact which is a bar to an action, does not supply the want of an averment of that fact. (8 Bing., 116.)

WHITTAKER & ROBERTSON FOR APPELLEES.

1. A voluntary conveyance is presumptively fraudulent against subsequent purchasers for a valuable consideration without *actual notice*, and the presumption of fraud is so strong as to impose the onus that it was made in good faith upon the party claiming under it. (Enders v. Williams, 4 Met., 346.)

2. The pleadings and proof show that Winter, after having made the voluntary conveyance to his children, conveyed the same land to Pepper for a full consideration. It is neither alleged nor proved that Pepper or appellee had actual notice of the voluntary conveyance. (Davis v. Tingle, 8 B. Mon., 542.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

April 22d, 1856, Martin Winter, in consideration of natural love, conveyed 57 acres and 36 poles of land to his children, Malvina F., Geo. F., Thomas J., Sarah Jane, John J., and James D. Winter, and any other children which might be born unto him, and to their heirs, reserving to himself a life estate.

In 1861 four of the children first named reconveyed the land to him by deed, mentioning all of them as grantors, but which John and James did not execute.

Thereafter a child, William, was born unto him, and subsequently, on the 1st of March, 1866, he conveyed the land to James S. Pepper for a full consideration in money.

Pepper having died, his heirs, in 1875, conveyed the land to the appellee, Comfort Ann Mannen, against whom, her husband, and a mortgagee, ·this action was brought by John

J., James D., and William Winter, to recover three sevenths of the land.

The foregoing facts are stated in the petition, with appropriate averments of the rights alleged to belong to the plaintiffs by reason of the existence of those facts; but it is not charged in the petition that Pepper or Mrs. Mannen purchased the land with actual notice of the alienation by Martin Winter to his children, or of the reconveyance to him by four of them, as stated.

We are therefore met at the threshold of this case with a vital question, raised by appellees' demurrer to the petition, the decision of which settles the controversy, and renders it wholly unnecessary to enter upon the discussion whether the remainder to Martin's children, by his deed of 1856, vested in those living, and opened and vested in William at his birth a like interest with them, or whether limitation or estoppel applies to the case.

Section 2 of article 1, chapter 44, General Statutes, which is substantially the same as the Revised Statutes, provides that voluntary alienation of any estate shall not be void "as to purchasers with notice of the voluntary alienation or charge."

This provision of the statute has been construed in Enders v. Williams, 1 Met., 351, to mean *actual notice*, and it is held in that case that a voluntary alienation, although recorded, did not furnish the requisite notice, and was, as to *bona fide* purchasers, without actual notice, presumptively fraudulent, which casts the burden of proof to establish its *bona fide* character upon the party claiming under it. This doctrine is supported by the case of Lewis v. Love's heirs, 2 B. M., 345, where it is said as to a purchaser: "The mere fact that

the deeds are voluntary, render them, at least *prima facie*, fraudulent and void as to him."

The very language of the statute implies the converse of its expressed meaning, that a purchase made with actual notice of a voluntary alienation is void, which, of course, is subject to the condition that the voluntary alienation is not in addition actually fraudulent, for then a purchaser for value with actual notice would be protected.

The petition, failing to aver actual notice by the purchasers, Pepper and Mrs. Mannen, of the pre-existing voluntary alienation of the land by Winter to his children, did not state a cause of action; for, if all the facts alleged be admitted, they show a case of presumptive fraud, on which no judgment could have been properly based for the appellants.

Treating pleadings most strongly against the pleader, the petition is clearly insufficient, because there is nothing alleged which, by proof of its existence, would overturn the legal presumption of fraud deducible from the facts pleaded.

The whole of the petition amounts simply to this: that the vendor, having made a purely voluntary alienation of the land to his own children, retaining actual possession himself, subsequently sold it for a full valuable consideration to an innocent purchaser without notice, and out of his substance increased their hopes of inheritance, to which three of them now seek to add the property thus innocently purchased from their father.

This constitutes no cause for recovery. For these reasons the demurrer should have been sustained, and the judgment is affirmed.