## Foreman v. Lloyd, et al.

(Decided January 13, 1914.)

### Appeal from Bullitt Circuit Court.

1. Statutes—Construction of Sections 2351 and 2352.—Where a vendor conveys, with covenant of general warranty, a greater interest in land than he possesses, and thereafter a claimant of the land, who has received any estate by gift, advancement, descent, devise or distribution from the vendor, attempts to recover the land from the vendee, he will be barred of recovery to the extent of the value of the estate so received.

2. Statutes—Construction of sections 2351 and 2352.—Under these statutes it is not material whether the conveyance by the vendor be before or after the claimant of the estate so conveyed has received from the vendor property by gift, advancement, devise, descent, or distribution. The statute does not make any distinction concerning the rights or liabilities of the parties depending on the time when the conveyance was made or the estate received by gift or advancement.

SAMUEL K. BAIRD and KELLEY & CHERRY for appellant.

J. F. COMBS, for appellees.

OPINION. OF THE COURT BY JUDGE CARROLL—Affirming.

In November, 1905, there was conveyed by the Dents to John Lloyd and his wife, Hettie, for life, with remainder in fee to the appellant, Mrs. Foreman, who was a daughter of John Lloyd, one house and lot and three vacant lots in the town of Mount Washington. The property was purchased under an arrangement by which John Lloyd was to take the house and lot at the price of six hundred dollars, and Thomas Lloyd, appellee, the vacant lots at the price of three hundred dollars. It seems, however, that the deed to all the lots was made to John Lloyd and in December, 1905, John Lloyd and his wife conveyed to Thomas B. Lloyd and his wife, appellees, the three vacant lots for the recited consideration of three hundred dollars, with covenant of general warranty.

Sometime after this it appears that John Lloyd desired to sell the house and lot and then discovered for the first time that the deed from the Dents only invested him and his wife with a life estate in the property conveyed. Upon making this discovery, he brought suit against his daughter, Mrs. Foreman, to have the deed corrected so as to invest him with the fee simple title to the property described in the deed of the Dents, but before it came to a trial John Lloyd died and the suit was abated. After the death of John Lloyd and his wife, Mrs. Foreman took possession of the house and lot and soon afterwards sold it for eight hundred dollars. After this she brought suit to recover the three vacant lots which had been conveyed to appellees by her father, with covenant of general warranty.

For defense to this suit the appellees set up that Mrs. Foreman had received by way of gift from her father, John Lloyd, the house and lot which she sold for eight hundred dollars, and this being so, she was barred by the covenant of warranty in the deed made by her father to the appellees from recovering the lots sold to them for three hundred dollars.

That Mrs. Foreman received the estate in the lots as a gift is admitted; it is also conceded that John Lloyd paid the entire consideration to the Dents for the lots conveyed by them, with remainder to his daughter, Mrs. Foreman, and that the correct decision of the cases depends on the proper construction and applicability of sections 2351 and 2352 of the Kentucky Statutes, reading as follows:

Section 2351. "A deed and warranty of land purporting to pass or assure a greater right or estate than

the person can lawfully pass or assure, shall operate to convey or warrant so much of the right and estate as such person can lawfully convey.

Section 2352. "If such deed as is mentioned in the last section contains a general warranty of the estate it purports to convey, and there shall be a claimant of the land who has received any estate, real or personal, by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to the extent of the value of the estate so devised. And if, after the said claimant shall have recovered the land from the vendee aforesaid, or if, after having been required to answer, he has denied the reception of any estate in either of the modes before named, estate shall come to him in any such manner, it shall be lawful for the vendee, his heirs or personal representative to recover from such claimant upon the warranty the value of such estate or so much thereof as may be sufficient to satisfy his demand."

It is not denied that Mrs. Foreman took a good title under the Dent deed to the fee in remainder in all the lots, or that her father, John Lloyd, had the right to invest her with this title and the circumstances that the lots were conveyed by the Dents to John Lloyd, or the circumstance that the purchase was made under some arrangement by which Thomas Lloyd was to get the three vacant lots, are of no importance in determining the rights of the parties. The situation would be precisely the same if John Lloyd had owned the complete title to the house and lot and only a life interest in the three vacant lots and had conveyed to Mrs. Foreman the fee in remainder in the house and lot and subsequently conveyed the three vacant lots to Thomas Lloyd with covenant of general warranty.

Assuming then that John Lloyd, as a gift to his daughter, Mrs. Foreman, conveyed to her the remainder in the house and lot, which she afterwards sold for eight hundred dollars, the argument is made in her behalf that John Lloyd could not, by a subsequent conveyance of a greater interest than he owned in the three vacant lots, divest Mrs. Foreman of her interest or title in the house and lot, or put her estate in this house and lot in such condition as that it might be subjected by the person who purchased the three vacant lots and to whom John Lloyd conveyed more than he had a right to convey.

It is further argued that the statute only applies to a state of case in which the grantor, after he has conveyed to a third party a larger estate than he had, remains the owner of other property that subsequently comes into the possession of the heir in the manner described in section 2352, and that as Mrs. Foreman became invested with the title to the house and lot before John Lloyd conveyed the vacant lots to Thomas Lloyd, the covenant of warranty in the deed does not affect her estate. On the other hand, the contention of counsel for appellee is that the statute refers to an estate that has been received at any time by gift, advancement, descent, devise or distribution, and that it is not material whether it was so received before or after the conveyance to the third party.

The statute under consideration, with some changes, has been a part of the law of the State for many years. What is now section 2352 of the Kentucky Statutes, may be found in its original form, in volume two of the Revised Statutes, chapter 80, section 18, reading as follows:

"If the deed of such grantor warrant the estate purporting to be conveyed against him and his heirs, and any estate real or personal shall descend to the claimant or come to him by devise or distribution on the side of the grantor, then he shall be barred for the value of the estate that shall so descend or come to him by descent, devise or distribution."

In the General Statutes the section is worded as in the Kentucky Statutes, and so it will be observed that a radical change was made in the section as it appeared in the Revised Statutes by adding the words "gift or advancement." Under the Revised Statutes only the person who received land by descent, devise or distribution could be required to account to the vendee who sought relief under the statute, but under the present statute any person who has received property "by gift, advancement, descent, devise or distribution" may be required to account to the vendee. The words of the present statute are as broad and as full as language can make them, and the change made in the wording of the statute manifests a clear intention on the part of the Legislature to make a party who has received estate in the manner described in the statute answerable to a vendee whose property he seeks to recover.

In short, under the statute, whenever the vendor conveys a greater estate than he has, and afterwards there shall be a claimant of the estate so conveyed who has received estate "by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to the extent of the value of the estate so devised." Nor does the statute make any distinction concerning the rights or liabilities of the parties depending on the time when the conveyance was made or the estate received by gift or advancemnt.

To adopt the construction contended for by counsel for Mrs. Foreman, we would be obliged to put into the statute words that would limit the liability of the person receiving an estate by gift or advancement to an estate so received after the conveyance to the third party has been made, when the plain reading of the statute indicates that it makes no difference whether the state be received by gift or advancement before or after the conveyance to the third party.

The purpose of the statute as written is a just one. It prevents a vendee, holding under a covenant of general warranty, from being ousted from the estate by parties claiming under his vendor who have received, as a gratuity from the vendor, estate of greater value than they are seeking to recover from the vendee. In carrying out this legislative purpose, we do not see that the time that the estate was received by gift or advancement is at all material. For example, it is conceded that if Mrs. Foreman had subsequent to the conveyance to Thomas Lloyd, received by gift from her father, John Lloyd, the house and lot, she would be barred, under the circumstances of this case, from claiming the vacant lots conveyed by John Lloyd to Thomas Lloyd. This being so, what difference does it make that she received the estate before the conveyance to Thomas Lloyd was made? In either case it was in the power of John Lloyd, under the statute, by conveying to Thomas Lloyd the lots in question, to deprive Mrs. Foreman of a part of the estate he had given her.

Counsel suggest several illustrations in which it would be difficult to apply the statute without doing injustice to some of the parties in interest, but the case we have before us does. not involve any of the complications presented in the suppositious cases referred to, and it will be time enough to solve the questions that might rise in this class of cases when they come before

us. The case we have is easy of solution and comes directly within the letter as well as the spirit of the statute.

The judgment of the lower court was correct and it is affirmed.