## Ball v. Wasioto & Black Mountain Railroad.

(Decided January 28, 1914.)

### Appeal from Harlan Circuit Court.

1. Judgment—Based on Erroneous Ground—Will Be Affirmed if Authorized on a Different Ground.—Although, upon appeal, the judgment of the circuit court be discovered to have been based on an erroneous ground, it will nevertheless be affirmed, if upon a review of the entire record, the appellate court should be of opinion that the judgment would have been authorized on a different ground.

2. Deeds—Effect of Covenant of General Warranty in Deed as Against Claimant of the Land Under Deed of Gift From the Grantor.—Where a vendor conveys, with covenant of general warranty, a greater interest in land than he possesses, and there-after a claimant of the land who has received any estate by gift, advancement, descent, devise or distribution from the vendor, attempts to recover the land from the vendee, he will be barred of recovery to the extent of the value of the estate so received.

3. Deeds—Application in Such Case of Sections 2351-2352 Kentucky Statutes.—Under these statutes it is not material whether the conveyance by the vendor be before or after the claimant of the estate so conveyed has reecived from the vendor property by gift, advancement, devise, descent or distribution. The statute does not make any distinction concerning the rights or liabilities of the parties depending on the time when the conveyance was made, or the estate received by gift or advancement.

CLAY & CARTER for appellant.

WM. LOW and BENJAMIN D. WARFIELD for appellee, Wasioto & Black Mountain Railroad Company, et al.

ACREE & STEWART for appellee. Callahan Construction Company.

### OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellants, Wm. Ball and others, suing by their father, James Ball as next friend, by this action brought

in the court below, sought to recover of appellees, by way of damages, $1,000.00, as the value of a strip of land one hundred feet in width and containing six acres, alleged to have been wrongfully appropriated and used by the appellee, Wasioto & Black Mountain Railroad Company for the construction and maintenance of its railroad bed and track; and the additional sum of $1,000.00 damages for injuries to their adjoining lands and certain buildings thereon, by the dumping of dirt and stone thereon and blasting, alleged to have been negligently done by appellees in constructing the railroad on the strip of land in question. By an amended petition appellants dismissed their action as to all the damages sued for, except the $1,000.00, claimed for the alleged loss to them of the strip of land occupied by appellees' railroad bed and track.

Appellants' claim to the strip of land rests upon a deed made them by their father, James Ball, June 13, 1900, whereby they were conveyed a considerable tract of land, of which the strip in controversy is a part; but by the terms of the deed the grantor retained to himself a life estate in the lands conveyed and since the execution of the deed has retained the possession of the lands and enjoyed the use thereof in all respects as if the deed had not been made; having occupied it as a home and kept the appellants with him as members of his family. The deed was put to record on the day it was executed.

The answer of appellees denied appellants' title to the land included in the appellee railroad company's right of way, but admitted that on June 13, 1900, James Ball, the father and next friend of the infant appellants, together with his wife, by deed conveyed them all the land of which he was the owner, except a small tract deeded by him to his wife at the same time, but by the deed reserved to himself a life estate in and to the land conveyed appellants, the possession of which, it is alleged, he yet retains; and likewise admitted that the right of way in controversy occupied by the railroad company's roadbed and track, was included in the boundary of land conveyed by James Ball to the appellants, alleging, however, that the deed from James Ball to the appellants was without consideration and, therefore, voluntary and void as to the appellee, railroad company, a subsequent purchaser, for value, without actual notice thereof.

It was further alleged in the answer that the right of way in question, containing six acres, for a consideration

of $550.00 cash in hand paid by the purchaser, was by
James Ball and his wife sold and conveyed the appellee,
Wasioto & Black Mountain Railroad Company, March 24,
1910, by deed of general warranty duly acknowledged by
the grantors, and, on the same day, put to record in the
office of the clerk of the Harlan County Court; that at
that time James Ball was in possession of the land thus
conveyed the railroad company and representing him-
self to be the sole owner thereof; and though the deed
which he had previously made to his children, the appel-
lants, was then, and had been from the date of its execu-
tion, a matter of record, the appellee railroad company,
at the time of receiving the deed made it by James Ball
and wife, did not have actual notice of its existence.

After the filing of such additional pleadings as were
necessary to complete the issues, the case was submitted
upon an agreed written statement of facts which we find
in the record.  The circuit court rendered the following
judgment: "Came the parties by counsel and filed an
agreed statement of facts and by agreement of parties
to this case the jury is withdrawn and the case submitted
to the court upon the pleadings and the said statement of
facts for judgment; and the court having considered the
record and being advised, finds and adjudges that the de-
fendant, the Wasioto & Black Mountain Railroad Com-
pany, purchased said right of way described in the an-
swer from James Ball and paid him the fair value of said
property without actual notice of the deed from James
Ball to the plaintiffs, dated June 13, 1900; and that the
said defendant was a bona fide purchaser of said right of
way for value, without notice and acquired the title to
said right of way by its said purchase.  That said deed
from James Ball to plaintiffs was void as to the said de-
fendant and that plaintiffs have no title to or right to pos-
session of said right of way, or right to recover damages
to the remainder of said tract of land.  It is, therefore,
adjudged that the petition be dismissed and that defend-
ants recover of plaintiffs their costs."  Appellants' dis-
satisfaction with the judgment of the circuit court, and
its ruling in refusing them a new trial, led to this appeal.

It is apparent from the briefs of counsel, as well as
the language of the judgment, that it rests the railroad
company's right to the ground occupied by its roadbed

and track upon section 1907, Kentucky Statutes, which provides:

"Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate, without valuable consideration, therefor, shall be void as to all his then existing liabilities, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted, *nor as to purchasers without notice of the valuntary alienation or charge;* and though it be adjudged to be void as to a prior creditor, it shall not, therefore, be deemed to be void as to such sub-sequent creditors or purchasers.

It seems to have been the opinion of the circuit court that the language of this statute implies the converse of its expressed meaning, that is, that the word "notice" in the sentence; "nor as to purchasers with notice of the voluntary alienation or charge," means actual notice; and that a voluntary conveyance, athough recorded, will not prevail against a bona fide purchaser *without actual notice* from the grantor in the voluntary conveyance; and that this is true whether such conveyance was or not made with fraudulent intent. It it insisted for appellees that this construction of the statute is sustained by the following decisions of this court; Enders v. Williams, 1 Met., 346; Winter v. Mannen, 81 Ky., 123; Brown v. Connell, 85 Ky., 403; Earl v. Couch, 3 Met., 450; Ward v. Thomas, 81 Ky., 452; Sewell v. Nelson, 113 Ky., 171.

We deem it unnecessary to decide whether the statute supra is susceptible of the construction contended for by appellees and given it by the circuit court, as in our opinion the judgment was authorized upon another and wholly different ground about which there can be no doubt. Conceding that the deed to appellants from their father, James Ball, vested in them the title in remainder to all the land therein described, including the right of way in controversy, and that the deed of general warranty that James Ball thereafter made the appellee, Wasioto & Black Mountain Railroad Company conveys the latter a fee simple to the land included in the right of way, as it is manifest that the interest in the land, exclusive of the right of way, conveyed appellants by James Ball, exceeds, in value, the right of way and what the appellee railroad company paid therefor, these facts, under the provisions of section 2351 and 2352, Kentucky Statutes, estop appel-

lants and prevent their recovery of the right of way in question or damages for its appropriation by the appellee railroad company. Section 2351 provides: "A deed and warranty of land purporting to pass or assure a greater right or estate than the person can lawfully pass or assure, shall operate to convey or warrant so much of the right and estate as such person can lawfully convey." Section 2352 provides: "If such deed as is mentioned in the last section contain a general warranty of the estate it purports to convey, and there shall be a claimant of the land who has received any estate, real or personal, by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to the extent of the value of the estate so devised. And if, after the said claimant shall have recovered the land from the vendee aforesaid, or if, after having been required to answer, he has denied the reception of any estate in either of the modes before named, estate shall come to him in any such manner, it shall be lawful for the vendee, his heirs or personal representative, to recover from such claimant upon the warranty the value of such estate or so much thereof as may be sufficient to satisfy his demand."

The doctrine announced was applied in Foreman v. Lloyd, 156 Ky., 772, the facts of which differ but little from those presented in this case. In that case we held that where a vendor conveys with covenant of general warranty a greater interest in land than he possesses and thereafter a claimant of the land who has received any estate by gift, advancement, descent, devise or distribution from the vendor, demands to recover the land from the vendee, he will be barred to recover to the extent of the value of the estate so received; and under these statutes it is not material whether the conveyance by the vendor be before or after the claimant of the estate so conveyed has received from the vendor property by gift, advancement, devise, descent or distribution. The statute does not make any distinction concerning the rights or liabilities of the parties depending on the time when the conveyance was made or the estate received by gift or advancement. In the opinion it is said:

"The statute under consideration, with some changes, has been a part of the law of the State for many years. What is now section 2352 of the Kentucky Statutes, may

be found in its original form in Vol. 2, Revised Statutes, chapter 80, section 18: 'But if the deed of such grantor warrant the estate purporting to be conveyed against him and his heirs, and any estate, real or personal shall descend to the claimant or come to him by devise or distribution on the side of the grantor, then he shall be barred for the value of the estate that shall so descend or come to him by descent, devise or distribution.' In the General Statutes the section is worded as in the Kentucky Statutes and, so it will be observed, that a radical change was made in the section as it appeared in the Revised Statutes by adding the words, 'gift or advancement.' Under the Revised Statutes only the person who has received land by descent, devise or distribution could be required to account to the vendee who sought relief under the statute, but under the present statute any person who has received property 'by gift, advancement, descent, devise or distribution' may be required to account to the vendee. The words of the present statute are as broad and as full as language can make them, and the change made in the wording of the statute manifests a clear intention to make a party who has received estate in the manner described in the statute answerable to the vendee who has property he seeks to recover. In short, under the statute whenever the vendor conveys a greater estate than he has and afterwards there shall be a claimant of the estate so conveyed who has received estate 'by gift, advancement, descent, devise or distribution from the vendor, such claiment shall be barred of recovery to the extent of the value of the estate so devised.' Nor does the statute make any distinction concerning the rights or liabilities of the parties depending on the time when the conveyance was made or the state received by gift or advancement. To adopt the construction contended for by counsel for Mrs. Forman we would be obliged to put in the statute words that would limit the liability of the person receiving the estate by gift or advancement to an estate so received after the conveyance to the third party has been made, when a plain reading of the statute indicates that it makes no difference whether the estate be received by gift or advancement, before or after the conveyance to the third party.''

There is here no denial by appellants of the covenant of general warranty contained in the deed from their father to the railroad company, nor of the fact that the deed from him to them conveyed them the land described therein as a gift or advancement, nor that it exceeds in value the ground conveyed the railroad company by their father for its roadbed, so in view of these self-evident facts there can be no doubt of the propriety of applying to this case the provisions of sections 2351-2352, Kentucky Statutes, as was done in the case of Forman v. Lloyd, etc.

Wherefore, the judgment is affirmed.

Whole court sitting.