## Clay County Board of Education v. Lewis.

(Decided February 27, 1920.)

### Appeal from Clay Circuit Court.

1. Process—Public Corporation—Effect of Failure of Person Served With to Make Defense.—In a suit against a branch of the state government the public body sued will not be estopped to set aside a default judgment, by the negligent failure of the person served to make defense.

2. Judgment—Vacation of—Effect of Party Served to Make Defense. —Where judgment by default went against a public corporation, because the person served with process negligently failed to make defense, the public being affected, may on petition have judgment set aside.

3. Officers—Public—Failure of Officers Served to Make Defense — When a public officer negligently or for other cause fails to make defense to a suit, brought against a public corporation, the public corporation may in a suit for that purpose under 518 of Code, have a default judgment set aside.

A. T. W. MANNING for appellant.

RAWLINGS & WRIGHT and A. B. HAMPTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Reversing.

In February, 1914, Squire Hensley, in consideration of $25.00, conveyed with covenant of general warranty a

small piece of land to the board of education of Clay county. Shortly after its purchase the board erected a school house and some other improvements on the land and were using it for school purposes when this litigation came up.

Some time after this conveyance Squire Hensley died, and it was discovered that he only had a life estate in the land conveyed to the board of education. Upon his death this lot as well as other surrounding land in which Squire Hensley had a life estate, descended to his daughter, Ella Lewis, in fee.

On July 20, 1917, Ella Lewis, brought a suit in the Clay circuit court, against the board of education of Clay county, setting up her ownership of the lot, averring that it was wrongfully in the possession of the board of education, and that a school was being taught in the school building. She asked for an injunction to prevent the school from being taught and to restrain the board of education from exercising any authority over the lot or improvements thereon. The summons as well as the restraining order were executed the day the petition was filed, on Luther Hatton, who was at the time county superintendent of schools in Clay county.

On July 23, 1917, Hatton and Ella Lewis entered into the following agreement:

"By agreement of the parties plaintiff and defendants to this action, the defendants, may teach school in the house in controversy in this action until September 1, 1917, at which time defendants, will give possession of said house and surrender same to plaintiff."

At the September term, 1917, a judgment by default went against the board of education and Ella Lewis was given the relief sought in her petition. In January, 1918, a new county superintendent having come into office the board of education brought this suit under section 518 of Civil Code to vacate the default judgment and allow it to make its defense to the suit brought by Ella Lewis. It is admitted that Ella Lewis was the owner of the lot, but the board of education proposed to assert the defense, that she had received from her father, Squire Hensley, after his death an estate of as much value as the lot, and therefore, under section 2352 of the Kentucky Statutes, was barred of the right to recover the lot, which had been conveyed by her father with covenant of general warranty.

After the pleadings had been made up and the evidence taken, the case was submitted and there was a judgment dismissing the petition.

On this appeal it is insisted in support of the judgment, that the board of education has shown no right to have the judgment by default set aside, and further that it was not made to appear that Ella Lewis had received any estate from her father.

It appears without contradiction, that Hatton, the county superintendent, who by virtue of his office was chairman of the board of education, was properly served with summons in the case of Ella Lewis against the board, and that he through negligence, indifference or other cause did not make any defense to the action, nor did he give any notice of its institution or pendency to the members of the board of education. It is further shown without dispute, that the members of the board of education had no notice or information of the suit, until after the end of the term of the court at which the judgment was entered. On these facts the first question to be considered is, was the board of education entitled to have the judgment vacated on account of the failure, through negligence or otherwise of the chairman of the board, to make the defense now asserted by the board or to notify the board of the suit so that it could have made the defense that it would have made in that suit had it known of its pendency?

If the board of education occupied the attitude of a private corporation and Hatton had been the proper person to serve with summons for it the fact that no defense was made to the suit of Ella Lewis, would not be ground for setting aside in this suit the judgment by default, Iriquois Life Ins. Co. v. Thomas, 185 Ky. 710.

We are not however disposed to apply to a public corporation, that is an agency of the state government, the same rule that obtains in matters like this with reference to private corporations. Neither the state, nor any of its governmental agencies, should be permitted to suffer any loss, that must be borne by the public, on account of the failure of the public officer on whom the summons is rightfully served to make, through negligence or other cause, an available defense to the suit or to notify some one who could and would have made the defense. It has been written in many cases that the state should not be

allowed to suffer loss on account of the negligence of its officers. Commonwealth v. Tate, &c., 89 Ky. 587; Fidelity & Deposit Co. of Maryland v. Commonwealth, 104 Ky. 579, and we can see no good reason why the principle should not be applied in a case like this.

So that if the lower court was influenced to dismiss the suit upon the ground that the board of education was estopped by the service on Hatton, to have the judgment vacated, and we presume this was the ground for the decision, the court fell into error.

We will not on this record undertake to determine the rights of the parties under section 2352, of the Kentucky Statutes. This section has been construed in Foreman v. Lloyd, et al., 156 Ky. 772; Ball v. Wasioto & Black Mountain Railroad Co., 157 Ky. 166, as well as other cases, and the lower court will have no difficulty in correctly adjudging upon the facts the rights of the parties.

Wherefore, the judgment is reversed, with directions to set aside the judgment in the case of Ella Lewis against the board of education and permit the board to make in that case its defense.