## Blankenship et al. v. Haldeman et al.

(Decided October 26, 1928.)

### Appeal from Pike Circuit Court.

Estoppel—Where land was conveyed to defendants by father as a gift or advancement, and father thereafter conveyed to others mineral rights to portion of such land under covenant of general warranty, held that, under Ky. Stats., secs. 2351, 2352, defendants are estopped from asserting any claim to the land, where the land

conveyed to them by their father exceeds in value mineral rights under land conveyed by father to such others.

STATON & KEESEE for appellants.

HARMAN, FRANCIS & HOBSON and STRATTON & STEPHEN-SON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In 1884 a survey was made of 60 acres of land in Pike county in the name of William F. Estep for the purpose of procuring a patent. The survey was transferred to Sarah Blankenship, wife of Ezekiel Blankenship. She did not obtain a patent to the land, and died on December 15, 1885, leaving six children, including the two appellants, D. H. Blankenship and Hannah Ferrell. Her husband, Ezekiel Blankenship, owned several hundred acres of land adjoining the 60 acres surveyed by Estep. Ezekiel Blankenship remarried, and on October 3, 1900, he and Mary Blankenship, his second wife, conveyed to W. A. Connolly, with covenants of general warranty, all the minerals under 205 acres of land in Pike county, which included about 30 acres of the Sarah Blankenship 60-acre survey. About the same time Connolly purchased 1,200 acres of land adjoining the 205 acres in which he purchased the mineral rights from Ezekiel Blankenship and wife.

W. A. Connolly subsequently died, and by will devised to the appellee L. P. Haldeman and others his entire interest in these tracts. L. P. Haldeman was named executor in the will and empowered to sell the land. In 1914 he sold and conveyed to H. G. Charles all of the land owned by Connolly in Pike county, including the mineral rights under the 205 acres described in the Blankenship deed. Charles executed to Haldeman a mortgage to secure $42,000 of the purchase price. Charles failed to pay this indebtedness when it fell due, and Haldeman, on May 15, 1917, instituted suit in the Pike circuit court to enforce the mortgage lien.

Charles answered, alleging that the title was defective as to a portion of the land conveyed to him and asked for a reduction of the purchase price by reason thereof. In his answer he alleged that a number of persons were claiming various portions of the land, but the only claim which is involved on this appeal is that of ap-

pellants D. H. Blankenship and Hannah Ferrell to that portion of the Sarah Blankenship survey conveyed by Ezekiel Blankenship and wife to W. A. Connolly.

Appellants were brought into the proceeding by a cross-petition, and they answered, alleging that the Sarah Blankenship survey had been inherited by her six children, and that four of these children had conveyed their interest therein to D. H. Blankenship, and that he owned an undivided five-sixths interest therein and Hannah Ferrell owned an undivided one-sixth interest. For defense to this the appellees set up that appellants had received by way of gift from their father, Ezekiel Blankenship, land worth far more than the 30 acres in controversy, and that therefore they were barred by the covenant of warranty in the deed made by their father to W. A. Connolly, appellees' predecessor in title, from recovering the land.

The issues were completed and proof taken and the court entered a judgment disallowing the claims of D. H. Blankenship and Hannah Ferrell, and adjudged that H. G. Charles was the owner of the land. Shortly after conveying the mineral rights under the 205 acres of land to W. A. Connolly, Ezekiel Blankenship and his second wife, Mary Blankenship, moved to West Virginia, and on August 11, 1902, Ezekiel Blankenship conveyed to his then wife, Mary Blankenship, all of the land owned by him in Pike county, Kentucky, amounting to about 800 acres, the consideration stated in the deed being:

> "$1.00 and for love and affection and also the said party of the second part assumes all liabilities, debts and contracts heretofore made by the said party of the first part."

It seems that, just before this deed was made, and before he moved to West Virginia, Ezekiel Blankenship committed a homicide in Pike county, and the proof strongly supports the theory that he deeded his property located in Pike county to his wife as a protection to him against any litigation growing out of the homicide.

On September 14, 1903, Ezekiel Blankenship and his wife conveyed the real estate in Pike counnty, the title to which was then in his wife's name, to his six children by his first wife. In the deed from Mary V. Blankenship

and Ezekiel Blankenship to Hannah Ferrell is the following clause:

"Witnesseth that the said party of the first part for and in consideration of the sum of for love and affection, valuation $300, do hereby sell and convey to the parties of the second part her heirs and assigns."

In the habendum clause is the following:

"This is to be Hannah Ferrell's part of the land in full for all land owned by Mary V. Blankenship and Ezekiel Blankenship in Kentucky and West Virginia at this time."

Substantially the same provisions were contained in each of the deeds to the other children, including the deed to appellant D. H. Blankenship. Subsequently Ezekiel Blankenship conveyed to the eight childrn by his second wife all of his land in West Virginia; the recited consideration in each of the deeds being "love and affection."

Appellants claim that the recitation, "valuation $300," in each of the deeds from Ezekiel Blankenship and wife to his children, was a consideration stated in the deed, and that it was paid; but they failed to prove that any consideration was paid, either to Ezekiel Blankenship or to his wife. It is clear that the expression, "valuation $300," was merely used to fix the value of the land being conveyed, and that the only consideration was "love and affection."

Assuming, for the purposes of this opinion, that Ezekiel Blankenship's first wife, Sarah Blankenship, acquired title to the 60-acre tract of land referred to in the record as the Sarah Blankenship 60-acre survey, and that Ezekiel Blankenship had no more than a life estate therein when he undertook to convey the 30 acres in controversy with a covenant of general warranty, and that appellants owned the remainder interest therein, yet they are estopped from asserting any claim to the land, if they have received estate by gift or advancement from the vendor of greater value than the land in controversy.

Section 2351, Kentucky Statutes, reads:

"A deed and warranty of land purporting to pass or assure a greater right or estate than the person can lawfully pass or assure, shall operate to

convey on warrant so much of the right and estate as such person can lawfully convey.''

And section 2352, Kentucky Statutes, reads:

"If such deed as is mentioned in the last section contain a general warranty of the estate it purports to convey, and there shall be a claimant of the land who has received any estate, real or personal, by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to. the extent of the value of the estate so devised. And if, after the said claimant shall have recovered the land from the vendee aforesaid, or if, after having been required to answer, he has denied the reception of any estate in either of the modes before named, estate shall come to him in any such manner, it shall be lawful for the vendee, his heirs or personal representative, to recover from such claimant upon the warranty the value of such estate or so much thereof as may be sufficient to satisfy his demand.''

As pointed out in Foreman v. Lloyd, 156 Ky. 772, 162 S. W. 83, section 2352, with some changes, has long been a part of the law of the state. The statute in its original form did not contain the words ''gift or advancement.'' As said in Foreman v. Lloyd, supra:

"The words of the present statute are as broad and as full as language can make them, and the change made in the wording of the statute manifests a clear intention on the part of the Legislature to make a party who has received estate in the manner described in the statute answerable to a vendee whose property he seeks to recover.

"In short, under the statute, whenever the vendor conveys a greater estate than he has, and afterwards there shall be a claimant of the estate so conveyed who has received estate 'by gift, advancement, descent, devise or distribution from the vendor, such claimant shall be barred of recovery to the extent of the value of the estate so devised.' Nor does the statute make any distinction concerning the rights or liabilities of the parties depending on the time when the conveyance was made or the estate received by gift or advancement.''

And further:

"The purpose of the statute as written is a just one. It prevents a vendee, holding under a covenant of general warranty, from being ousted from the estate, by parties claiming under his vendor who have received, as a gratuity from the vendor, estate of greater value than they are seeking to recover from the vendee. In carrying out this legislative purpose, we do not see that the time that the estate was received by gift or advancement is at all material."

This construction of sections 2351 and 2352, Kentucky Statutes, was approved in Ball v. Wasioto & B. M. R. Co., 157 Ky. 166, 162 S. W. 810. Also see Clay County Board of Education v. Lewis, 187 Ky. 231, 218 S. W. 716.

The fact that Ezekiel Blankenship was living when this suit was tried does not affect the applicability of the statute. The record discloses that he has conveyed all of his property to his children and rendered himself incapable of making his warranty good. In order to carry out the plain legislative purpose, the statute necessarily must apply under such a state of facts. It is not denied by appellants that the land conveyed to them by their father exceeds in value the mineral rights under the land in controversy conveyed by him to appellees' predecessor in title, W. A. Connolly. It is satisfactorily shown that the deeds from Ezekiel Blankenship to appellants conveyed to each of them the land described therein as a gift or advancement. Under these circumstances, the provisions of sections 2351 and 2352, Kentucky Statutes, apply.

Judgment affirmed.