Schuff v. Pflanz.

CASE 18—AGREED CASE—APRIL 2.

# Schuff v. Pflanz

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. SHERIFF—WHEN FAILURE TO EXECUTE NEW REVENUE BOND IN TIME FORFEITS OFFICE.—The legislature may authorize a county court to declare the office of sheriff vacant upon the failure of that official to renew either his general official or his revenue bond within a specified time, and consequently section 4131 of the Kentucky Statutes granting this power to the county court is constitutional.

2. ACCEPTANCE OF BOND AFTER THE TIME FIXED IN THE STATUTE.—But the county court has the power, notwithstanding the statute requires the bond to be executed by a certain day, to accept the bond on a day subsequent thereto; and having so accepted it, it is then too late to declare the office vacant.

County courts have the power under the present revenue law to take new or additional bonds at any time.

3. Both the general official bond and the original revenue bond executed by a sheriff cover the entire term for which he was elected, and not merely one year as contended; and the sureties in them, together with those in the several renewal bonds required, are bound for any default which may occur during the term for which they may be executed.

KOKN, BAIRD & SPINDLE FOR APPELLANT.

1. A public office can be vacated without a direct judicial proceeding against the officer. (Stokes v. Kirkpatrick, 1 Met., 139.)

2. There is no contract or property right in a public office. (Williams v. Newport, 12 Bush, 438; Cooley's Constitutional Limitations, 336.)

3. Sureties on the sheriffs' general bond are not liable for default in collection of the revenue. (Anderson v. Thompson, 10 Bush, 134; Commonwealth v. Adams, 3 Bush, 41; Kenton Co. v. Lowe, 91 Ky., 369.)

Schuff v. Pflanz.

4. The revenue bond required of sheriffs is an official bond. (Commonwealth v. Adams, 3 Bush, 41; Anderson v. Thompson, 10 Bush, 134.)

5. Sureties on the renewal of the sheriff's general bond are co-sureties with those on the original bond. (Ridgeway v. Thompson, 91 Ky., 582; Kettler v. Thompson, 13 Bush, 288.)

6. The revenue bond is good only for one year. It is an annual bond, not a renewal of a bond. (Ky. Statutes, sec. 4131; Yarborough v. Commonwealth, 84 Ky., 496; Hall v. Commonwealth, 8 Bush, 378; Commonwealth v. Magoffin, 15 Rep., 775.)

7. Section 227 of the Kentucky Constitution does not contain all the constitutional provisions for the vacation of the office of sheriff. (Ky. Constitutional, sec. 99, 150, 151, 103, 238; Gordon v. Fox, 16 Rep., 653.)

8. Failure to give the annual revenue bond is neither misfeasance, malfeasance nor willful neglect of official duty. (Williams v. Commonwealth, 79 Ky.; Bouvier Law Dictionary, title Misfeasance and Malfeasance; Curry v. Stewart, 8 Bush, 363; Lowe v. Commonwealth, 3 Met.)

9. The same constitutional and statutory provisions with regard to the requirement of an annual revenue bond from sheriffs have existed ever since Kentucky has been made a State. The changes made have been in the direction of greater strictness. (Stokes v. Kirkpatrick, 1 Met., 140; Catchings v. Davis, 3 B. Mon., 61; second Constitution of Ky., Article 4, Section 18, Statute of 1799; Bartley v. Fraine, 4 Bush, 376.)

10. Under Sec. 238 of the Constitution of Kentucky the county court can declare vacant the office of sheriff on failure to give a bond to relieve other sureties. (Bartley v. Fraine, 4 Bush, 376; Distinguishing Lowe v. Commonwealth, 3 Met.)

11. Section 103 of the Kentucky Constitution permits the vacation of the office of sheriff on failure to give bond as was done in this case. (Catchings v. Davis, 3 B. Mon., 61; Bartley v. Fraine, 4 Bush applied; Lowe v. Commonwealth, 3 Met., distinguished; Brown v. Grover, 6 Bush.)

12. The reports are full of judicial dicta and precedence supporting the appellant's title to the office. (Calloway v. Commonwealth, 4 Bush, 385; Commonwealth v. Yarborough, 84 Ky., 496; Commonwealth v. Mc Magoffin, 15 Rep., 775; Lowe v. Phelps, 14 Bush, 642; Catchings v. Davis, 3 B. Mon.; Patton v. Layer, 4. J. J. Mar., 250; Basham v. Commonwealth, 13 Bush, 38; Commonwealth v. Cook, 8 Bush, 232; Cate v. Ross, 2 Duv.; Grundy v. Commonwealth, 12 Bush, 352; Anderson v. Thompson, 10 Bush, 134; Elliott v. Kitchen, 14 Bush, 289; Commonwealth v. Adams, 3 Bush, 41; Jones v. Gallatin Co., 78 Ky., 491; Fletcher v. Light, 4 Bush, 309.)

DODD & DODD and SAMUEL B. KIRBY FOR APPELLEE.

1. Section 4131 of the Kentucky Statutes when it speaks of the "failure of the sheriff to execute bond and qualify" refers to and applies only to the original bond which he gives upon assuming the duties of his office, and not to the renewal or annual bonds. (Meacham, secs. 253 and 254; Endlich on Interpretation of Statutes, sec. 2; Meacham on Public Officers, sec. 262; Throop on Public Officers, sec. 173.)

2. Section 4131 of the Kentucky Statutes should be read *in pari materia* with sections 68, and 227 of the Constitution, and presupposes that before the county court can consider the question of vacancy on the ground of forfeiture of office, there must have been a judicial determination of the questions authorized to be inquired into by sections 68 and 227 of the Constitution, and in the mode therein provided. (Page v. Hardin, 8 Monroe, 648; Lowe v. Commonwealth, 3 Met., 237; Brown v. Grover, 6 Bush; 4 Bush, 331 and 375; 79 Ky., 47; 86 Ky., 187; 85 Ky., 466; 12 Bush, 379; 10 Bush, 750; 77 N. C., 408; Throop on Public Officers, sec. 305, 402 and 341 and cases there cited; Meacham on Public Officers, sec. 450.)

3. The limit of a county judge's power is the right to inspect and examine the sufficiency of the sureties thereon. (Throop on Public Officers, secs. 170, 172 and 173.)

Ed. W. HINES & W. H. NEWHALL, JR., ON SAME SIDE.

1. Section 4134 of the Kentucky Statutes confers authority upon the county judge to take additional bond or bonds at any time. This power was not conferred in the previous revenue law, and decisions under that law are inapplicable.

2. The coupling of the execution of the bond with the qualification in section 4131 shows that reference is there had to the bond to be executed by the sheriff when he qualifies.

3. The requirement that a new bond shall be executed on or before the first Monday in January, is intended to serve no other purpose than to insure an inquiry by the county judge as to the sufficiency of the sureties on the existing bond, and it is to be regarded as directory merely as to the time fixed for the execution of the bond. (Endlich on Interpretation of Statutes, sec. 436.)

4. The county judge in the exercise of a manifest discretion given him by the statute, having failed to make the order declaring the office vacant because of the failure to execute the bond in the

specified time, and having accepted a bond subsequent to that time, can not afterwards exercise that discretion and declare it vacant.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This proceeding was had under section 637 of the Code of Practice, with a view of determining the title to the office of sheriff, of the county of Jefferson, the appellant, Schuff, and the appellee, Pflanz, each claiming the right to discharge the duties pertaining to that office.

The agreed facts show that the appellee, Pflanz, was the duly elected sheriff of the county of Jefferson for the term of three years. The election took place in the month of November of the year 1894, and on the first Monday in January, 1895, he, together with his deputies, entered upon the discharge of their duties. He had, prior to that date, executed his bonds as sheriff and qualified in the manner provided by law. Having been in office for nearly one year, he settled his accounts with the auditor of State shortly before the first of January, 1896, and obtained his quietus from that official, and, on the 11th of January, 1896, executed his annual revenue bond, which was approved and accepted by the judge of the Jefferson county court.

After this had been done, the county judge, on the 17th of January (the same month), came to the conclusion that Pflanz had forfeited all right to the office of sheriff by reason of his failure to execute this annual bond on or before the first Monday in January of that year (1896), and thereupon entered an order declaring the office of sheriff vacant, and appointed the appellant, Schuff, to fill the vacancy.

The sheriff, by virtue of section 4129, Kentucky Statutes,

is made collector of all State, county and district taxes, unless the payment is directed by law to be made to some other official, and from sections 4130 and 4131 originated the alleged cause for removing the appellee, Pflanz, from his office. Section 4130 provides: "The sheriff shall, on or before the first Monday in January next succeeding his election, and on or before the said day annually thereafter, enter into bond, with surety, for the faithful performance of his duties. A quietus from the auditor for the revenue tax for the preceding year shall be produced by each sheriff to the county court on or before that day; and no tax book shall be delivered to a sheriff, after the first year of his term, who shall fail to exhibit his quietus on or before such date."

The county court, by this section, is made the judge of the sufficiency of the surety.

Section 4131 provides: "On the failure of the sheriff *to execute bond and qualify,* as hereinbefore provided, he shall forfeit his office, and the county court may appoint a sheriff to fill the vacancy until a sheriff is elected, or it may appoint a collector for the county of all moneys due the State and county and taxing district authorized to be collected by the sheriff," etc.

Section 4134 provides: "The county court may require the sheriff to give an additional bond or bonds, with good surety, to be approved by the county court whenever it may deem the interest of the State or county demands; and the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the term in which said bond may be executed whether the liability accrued before or after the execution of such bond or bonds."

It is conceded in argument, as well as by the agreed facts that Pflanz, the appellee, had fully complied with the statute by executing his bond for the collection of the revenue, as well as his general bond as sheriff (both in fact official bonds), but it is claimed that his failure to execute his bond for the collection of the revenue for the second year, on or before the first Monday in January, 1896, worked a forfeiture of the office, and the county judge was compelled to enter an order declaring him no longer sheriff.

The learned judge below, in the investigation of this question, reached the conclusion that the statute, under which this forfeiture was had, is in violation of the State Constitution. Section 227 of that instrument provides: "That judges of the county court, justices of the peace. sheriffs, coroners, surveyors, etc., shall be subject to in-- dictment or prosecution for misfeasance or malfeasance in office or wilful neglect in discharge of official duties in such mode as may be prescribed by law, and, upon conviction, his office shall become vacant; but such officer shall have the right of appeal to the court of appeals."

In this case it is not pretended that Pflanz was guilty of misfeasance or malfeasance in office or that he was guilty of a wilful failure to discharge his duties as sheriff, and it, therefore, follows, if the proceeding by indictment or presentment, for the causes designated in section 227 of the Constitution, must be adopted, there is no mode pointed out by that instrument by which such an officer as sheriff can be removed upon his refusal to qualify or to execute an annual bond, as required by the statute, leaving his sureties, the State, county and district without any protection, unless for causes that amount to misfeasance or malfeasance in office.

Schuff v. Pflanz.

While the case of Lowe v. Commonwealth, 3 Met., 237, conduces to sustain the view taken of this case in the opinion, below, it was held in the later case of Bartley v. I'raine, 4 Bush. 375, the county courts had the constitutional power to remove sheriffs from office for failing to give new bonds, and distinguished the latter case from that of Lowe v. Commonwealth, where the jailer of Mercer county was attempted to be removed for misfeasance in office, and in repeated adjudications it has been, in effect, held that such a power could be delegated to the county court.

Section 99 of the Constitution creates the office of sheriff and fixes the term, and section 100, the qualifications, and. although section 227 specifies some of the causes and the mode of removing a sheriff, other causes are found in the Constitution for which the office may be vacated, and there is nothing in that instrument that prohibits the Legislature from giving to the county courts plenary power, as to the time and manner in which such officials are to execute their bonds, and to declare the office vacant upon their failure to comply with the statute.

Section 103 of the Constitution provides: "That the sheriff (with other officers) and such other officers as the General Assembly may from time to time require shall, before they enter upon the duties of their respective offices, and as often thereafter as may be deemed proper, give such bond and security as may be prescribed by law."

This power having been conferred, it necessarily follows that, when exercised, the power exists to enforce compliance with the statute as to the bonds to be executed and the time for their execution. The appellee, when elected to fill the office of sheriff, could exercise none of its duties until he

qualified by giving bond with such surety as might be approved by the county court, and in the absence of said qualification, the county would in fact be without a sheriff, and it would be absurd, in such a state of case, to hold that no power existed to vacate the office, but that resort must be had to an indictment or presentment for the failure of the sheriff to qualify.

The question does not affect the discharge of official duty, but pertains to the qualification of the officer that must precede the exercise of any of the duties of the office, and extends to the exercise of the further power, after the officer has qualified, on the part of the county court to see that the State, county and the citizens are protected against the acts of an insolvent official, by requiring additional security, as in the case of the sheriff, by the execution, every year, of a new bond or a renewal bond.

The exercise of this power has been conferred upon the county courts since the formation of the State government, and the power to require the execution of official bonds when qualifying and after qualification by the county court, and the failure to comply by the official to remove him or vacate his office, is now too well settled to admit of controversy. In fact it would be difficult to maintain our State government, with the collection of its revenues entrusted with those whose duty it is to give bond for the discharge of its duties, and yet with no power on the part of the State to compel its execution, and a resort only to the slow process of the law by indictment and a conviction, upon which rests the power to vacate the office or remove the official. In our opinion the statute in question is constitutional.

This brings us to a consideration of the various sections of the statute under which this power is claimed to exist.

If, as counsel for the appellant contends, the sureties in
the bond for the collection of the revenue are only liable
for the default of the sheriff for the one year, and are in
nowise liable for any succeeding year of the term, without
signing a new bond, there is much force in his conclusion,
as, with such a complication, the county of Jefferson, the
sheriff failing to execute a bond on the first Monday in Jan-
uary of the second year, would be without a collecting
officer, but, on the contrary, if the sureties on the revenue
bond, at the date of the qualifications of the sheriff, are
liable for the whole term, then it follows, if the bond be
accepted for the second year, before any entry of an order
declaring the office vacant, the sufficiency of the bond being
conceded, the judge had no power to declare the office vacant
and Pflanz, by reason of his being sheriff and the execution
of that bond, is the collector of the revenue and his sureties
liable for his default in collecting or failing to pay over.

Section 4131 provides:  "On the failure of the sheriff to
*execute bond and qualify,* as hereinbefore provided, he *shall
forfeit his office."*

The right of forfeiture under this section is made to de-
pend upon his failure to qualify; and, by section 4130, he is
permitted to execute bond at any time before the 1st of
January.  Pflanz, as appears, did qualify in the proper time,
by giving bond satisfactory to the county court, and entered
upon the discharge of his duties, but failed to execute his
annual bond on or before the first Monday in January, 1896,
and it is maintained that the failure to execute this bond
worked a forfeiture and authorized the county judge to
declare the office vacant.

Pflanz was still in the office of sheriff; had qualified with
the execution of a bond that afforded ample protection to

the State and the county for all-the revenue that might come
to his hands.   The sureties on his bond, at the date of his
qualification, bound themselves as such for and during the
entire term of his office.   This bond, provided for by section
4133, was not for the collection and payment over of the
revenue for the year 1895, but stipulates that "we, A B,
sheriff, and C D and E F, his sureties, bind and obligate
ourselves, jointly and severally, to the Commonwealth of
Kentucky, that the said A B, sheriff, shall faithfully per-
form his duties," etc.   And the next section (4134) empowers
the county court to require the sheriff to give an additional
bond or bonds where the interest of the State or county
demands it, and the sureties on all the bonds shall be jointly
and severally liable for any default of the sheriff during
the term in which said bond may be executed, whether the
liability accrued before or after the execution of the bond
or bonds.   These bonds are not taken for one year, but bind
the sureties for any default during the term for which they
may be executed; and it can not well be said the sureties
in these additional bonds  are liable for the whole term and
those on the original bond are liable for one year only.   So
we have a case where the qualification has been perfect and
complete and a statute providing only that a failure to
*execute bond and qualify* shall forfeit the office.   Qualifi-
cation means the execution of the bond, the oath of office.
The question then arises, if the sheriff fails to give this
annual bond for the collection of the revenue, can the county
judge declare the office vacant?

The sheriff is required to give two bonds—one for the
collection of the revenue and the other known as the general
official bond.

Under the title of "Sheriffs," section 4557, it is provided:

"It shall be the duty of the county court to cause the sheriff, annually, to renew his bond required by this chapter, and oftener if the court may deem proper; and, upon his failure to do so, the court shall enter up an order suspending him from acting until he gives said bond, or the court may vacate his office."

This statute should be construed in connection with the revenue statute, and it is manifest that a fair interpretation of the legislative meaning is that, upon the failure to execute any bond required of this official, for the protection of the State, county or citizen, the county court may remove him from office; and particularly where by statute it is made the plain duty of the official to execute the bond on a particular day. The duty then devolves on the sheriff and he must comply with the law; but it does not follow because the sheriff fails to renew his general bond or to give an annual bond for the collection of the revenue that the county judge is powerless to accept a bond after the first Monday in January. He may, it is true, vacate the office, but before he does this he accepts a bond that is in addition to or a new bond, upon which the last sureties became jointly liable with the sureties on the first bond. It is a bond sufficient to satisfy the court that all will be protected who are interested in its execution, and when accepted, the sheriff having previously qualified, it is then too late to enter an order vacating the office.

In the case of Ridgeway v. Moody's adm'r, 91 Ky., 581, it was held that the sureties on the original bond were liable as well as those on the renewal bond, as the bond did not fix any other or less period, and if so, we perceive no reason why the same rule should not apply to the bond for revenue, and the greater the necessity for placing such construction

on that statute, for the sheriff in this one county collects nearly one-fifth of the revenue of the State, and to adjudge that, on the general bond, the sureties on the first bond are liable for the whole term, but on the revenue bond for only one year, not only lessens the security for the performance of these duties, but is in opposition to the plain intention of the Legislature.

In the case of the Commonwealth y. Yarbrough, 84 Ky., 496, this court held a revenue bond void because no authority was conferred on the county judge to accept a new bond after the first Monday in January; but it will be found that, in revising the present revenue law, the county judge is empowered to exact additional bond whenever the interest of the State requires it; and still we are asked to enforce this forfeiture, although the bonds previously executed are still in full force and effect and ample to meet all liabilities incurred by the sheriff, and when it is conceded the county court accepted this annual bond before any order of forfeit-ure was entered.

A construction rational as to the results flowing from it, and in accord with the plain legislative intent that makes the sureties bound for the whole term, obviates the diffi-culties under which the State has been laboring for years in making sureties liable on these official bonds and secures the revenue and levy to which the State and counties are entitled.

The provision in section 4131 for a forfeiture "on the failure of the sheriff to *execute bond and qualify*" can not be made to apply to the subsequent bonds in cases where the county judge has accepted the annual or renewal bonds before any order of forfeiture is entered.

For these reasons the judgment below is affirmed.