CASE 74—ACTION ON COUNTY LEVY BOND—OctoBER 26.

# Fidelity and Deposit Company of Maryland v. Commonwealth.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. COUNTY LEVY BOND—ACT REQUIRING NOT REPEALED.—The act of April 18, 1892 (section 1884, Kentucky Statutes), requiring sheriff to execute bond for the collection of county taxes was not repealed by the act of October 17, 1892, "creating a fiscal court in the several counties of this Commonwealth."

2. BOND COVERING PAST DELINQUENCY.—Under section 4134 of the Kentucky Statutes authorizing the County Courts to require of sheriffs additional bonds "whenever it may deem the interest of the State or county demands" a county levy bond executed after the sheriff had executed his official bond is to be deemed an additional bond and covers sums in his hands at the time of its execution.

3. GUARANTY BONDS—CONCEALMENT OF MATTERS MATERIAL TO THE RISK—OFFICIAL BONDS.—The rule of law that sureties will be released by any concealment by the obligee of any previous defalcation of the principal or other matters material to the risk is inapplicable to bonds executed by public officials. (Com. v. Tate, 89 Ky., 587; Wade v. City of Mt. Sterling, 18 Ky. Law Rep., 377.)

4. (IN RESPONSE TO PETITION FOR REHEARING.)—COUNTY AND STATE REVENUE COVERED BY BOND REQUIRED BY SECTION 4133 OF KEN-TUCKY STATUTES.—The bond required by section 4133 of Kentucky Statutes was intended to embrace the collection of the county as well as of the State revenue. Howard, &c. v. Com., 20 Ky. Law Rep., 1411.)

A. M. J. COCHRAN FOR APPELLANT.

1. From an examination of the statutes in force prior to the enactment of the act of November 1892 and the decisions construing them it is apparent that under the latter act but two bonds are now required of the sheriff, (1) his official bond and (2) his revenue bond.

2. The bond sued on could not have been the additional bond required by section 4134 Kentucky Statutes, because there is no allegation of the execution of an original revenue bond.

3. It was error to sustain demurrer to answer. Sheehy was in default at the time of the execution of the bond sued on, which fact was known to the county officers.

4. The amended answer presented a good defense. It alleged that in the settlement made by Sheehy with Stratton, Sheehy was charged with the entire taxes to be collected and credited with the amounts paid over and exonerations and the balance found due represented taxes which had not been collected by the sheriff but which were still uncollected and due from the taxpayers and that these uncollected taxes represented by this balance were due from good and solvent taxpayers and were collectible.

Citations in support of the foregoing points as follows: Anderson v. Thompson, 10 Bush, 132; Kenton Co. v. Lowe, 91 Ky., 367; Commonwealth v. Yarbrough, 84 Ky., 496; Maynard v. Com., 80 Ky., 587; Gorham v. Luckett, 6 B. M., 146; Short v. C., M. & St. P. Ry. Co., 34 Fed. Rep., 225; Schuff v. Pflanz, 35 S. W. R., 132; s. c. 99 Ky., 97; 1 Story's Eq. Jur., sec. 215; Graves v. Lebanon Nat. Bank, 10 Bush, 23; Conn. Mut. Life Ins. Co. v. Scott, 81 Ky., 540; Com. v. Berry, 95 Ky., 443; Fletcher v. Leight, &c., 4 Bush, 303; Bracken Co. v. Daum, 80 Ky., 388; Wilson v. Linville, 96 Ky., 50; Simmons v. Seaton, 47 N. J. Eq., 103; Kentucky Statutes, sections 4147, 4143, 932.

THOMAS H. HINES AND H. C. WEAVER FOR APPELLEE.

1. The act of April 18, 1892 (section 1884, Kentucky Statutes), refers exclusively to county levy and to county levy bonds, and it is not therefore repealed by the enactment embraced by section 4133, Kentucky Statutes, providing for a bond that the sheriff shall faithfully perform his duties.

2. The contention of the appellant that the sheriff was a defaulter under the term previous to the execution of the bond in suit and that this fact was known to the county judge who accepted the bond sued on, the surety is released, is decided against appellant in Com. v. Tate, 89 Ky., 587.

A. M. J. COCHRAN FOR APPELLANT IN A PETITION FOR REHEARING.

1. An "additional" bond presupposes an original bond to which it can be "additional." 1 Am. & Eng. Enc. of L., 187, note; Wal-

ter v. McSherry, 21 Mo., 76; 53 Miss., 626, 645; Broaddus v. Broaddus, 10 Bush, 299; Parrish v. Ferguson, &c., 83 Ky., 18.

2. The principle upon which the answer was drawn was held applicable to official bonds in the case of Com. v. Barry, 95 Ky., 443.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

At the November election in 1894, Thomas Sheehy was elected sheriff of Bracken county; and on the first Monday in January, 1895, he took the oath of office and executed the bond required by law. On June 6, 1895, Sheehy, as sheriff and collector of the county levy for the year 1895, executed a bond to faithfully perform his duties as such; and on this bond the appellant, Fidelity and Deposit Company of Maryland, was accepted as surety. It appearing that he was indebted to the county on account of his collection of the county levy for the year named, this action was brought on the bond. The appellant seeks to avoid its liability on the bond upon grounds as follows: (1) That the County Court was not authorized to accept the bond which Sheehy executed with it as surety; (2) that he was sheriff of the county during the years 1893-94, and defaulted in the payment of certain sums to the county, and as the county judge knew this fact, and failed to notify it, his conduct was a fraud upon its rights, which invalidated the bond.

This bond was executed under section 1884, Ky. Stat. (Act April 18, 1892), which requires a sheriff or other officer who may collect the county levy, before he proceeds to do so, to execute a bond to the Commonwealth of Kentucky, in the County Court, in a sum equal to double the amount of taxes likely to come into his hands, for a faithful performance of his duty, and to pay over in due time to the proper party, as directed by the court, all moneys collected by him. It appears that some, if not all, of the mo-

ney for which this action was brought, had been collected previously to the execution of this bond. It was, however, part of the county levy for the year 1895. Under the rulings of this court, previous to the enactment of the statute now in force, probably there could have been no recovery on the bond which the appellant signed as surety. The General Assembly seems to have desired to provide against such contingencies; so it incorporated in the revenue law of the State section 4134, Ky. Stat. (Act of November 11, 1892), which reads as follows: "The County Court may require the sheriff to give an additional bond or bonds, with good surety, to be approved by the county court, whenever it may deem the interest of the State or *county* demands; and the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the term in which said bond may be executed, whether the liability accrued before or after the execution of such bond or bonds." Under this section the County Court has the power to require the sheriff to give an additional bond, with good surety, whenever it may deem the interest of the State or *county* requires it; and a surety in such bond is liable for any default of the sheriff during the term covered by it, whether the liability accrued *before* or after its execution. The failure of the order of the County Court to state that the bond was an additional one is wholly immaterial. For whether the bond was an additional bond or not, it was to protect the county in case he, as collector of the county levy, collected and failed to pay it over on the order of the County Court, and also embraces any sum or sums which he may have collected on that account for the year 1895, previous to the execution of the bond.

It is claimed that the act approved October 17, 1892, in connection with the November act, repealed so

Fidelity and Deposit Company of Maryland v. Commonwealth.

much of the act of April 18, 1892, as is embraced in section 1884, Ky. Stat., and, therefore, there was no law authorizing the execution of the bond upon which this action was brought. The act of October 17, 1892 (Acts 1891-92-93, p. 268), is an act "creating a fiscal court in the several counties of this Commonwealth." It makes no reference whatever to the act of April 18, 1892; neither does it make any provision whatever for the execution, by the sheriff, of a bond for the collection of the county levy. And the act of November, 1892, is a general one, covering both State and county revenue. We are of the opinion that these acts do not repeal section 1884, Ky. Stat. The bond required of a sheriff under section 4556, Ky. Stat., may be denominated his "official bond;" that under section 4133, his "general revenue bond;" and that under section 1884, "a special county levy bond."

To sustain the second proposition, counsel for appellant relies upon that principle of law which is to the effect, if a party taking a guaranty from a surety conceals from him facts which go to increase his risk, and suffers him to enter into a contract under false impressions as to the real state of facts, such concealment will amount to a fraud, because the party is bound to make the disclosure; and the omission to make it under such circumstances is equivalent to an affirmation that the facts do not exist. This principle of law is applicable to transactions between individuals, and between individuals and corporations, but does not apply to public officials. This is the effect of Com. v. Tate, &c., 89 Ky., 587. [13 S. W., 113]; Wade, &c., v. City of Mt. Sterling, 18 Ky. Law Rep., 377 [33 S. W., 1113]. The judgment is affirmed.

On February 7, 1899, the following response to a petition for a rehearing was delivered by Judge Hazelrigg:

Since the decision of this case, we have had under consideration the question whether the bond executed under

sec. 4133 was intended to embrace the collection of the county as well as of the State revenue, Howard, &c., v. Com., 20 Ky. Law Rep., 1411, and for the reasons given in that case we reached the conclusion that it was the intention of the General Assembly that both county and State revenue were embraced therein.

We also reached the conclusion that the acts, providing for various county levy bonds, including the act embracing section 1884, Ky. Stat., had not been repealed. We need not repeat the reasons for our conclusion here. We have corrected the original opinion on its face to remove any seeming inconsistency with the Howard case.

It is true that in Schuff v. Pflanz, 99 Ky., 106, this court by Chief-Justice Pryor said: "The sheriff is required to give two bonds—one for the collection of the revenue, and the other known as the general official bond." But the subject matter of inquiry there was, the bonds required of the sheriff for the failure to execute which the office might be declared vacant. And the only such bonds so required are the two referred to in that case.

Petition overruled.