## Bankers Surety Company, et al. v. City of Newport.

### (Decided February 2, 1915.)

### Appeal from Campbell Circuit Court.

1. Bonds—Officers—Fiduciaries.—The bond of a public fiducial officer is controlled by Sections 3751 and 3752, Kentucky Statutes, and must be read in connection therewith.

2. Bonds—Officers.—Under Section 186d, Kentucky Statutes, the statutory obligation which is really the basis of the contract obligation for public officials, is that the officer will faithfully discharge the duties of the office or else the surety will pay the loss occasioned thereby, not to exceed the sum fixed in the bond.

3. Municipal Corporations—Act Through Officers.—A city can only act through its officers, and those officers cannot bind the city, unless authorized or directed by law.

4. Municipal Corporations—Officers.—For the reason that municipal corporations and their officials are not sui juris, they have no authority to take an obligation from a surety of any official for

any failure less than a faithful discharge of the duties of the office, nor the right to impose by contract any duties on other officials, so that a breach of such added duties would avoid the bond.

5.   Bonds—Municipal Corporations—Officers of.—A bond of a city official is executed in the light of the statutes above referred to, any limitations in the bond in derogation of the statutory requirements are not binding against the city.

HARRY L. GORDON, ROBERT C. SIMMONS and GORDON, MORRELL & GUNTER for appellants.

OTTO WOLFF and L. J. DISKIN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Henry Reusch was delinquent tax collector of the city of Newport during the years 1909, 1910, and 1911, and defaulted in the sum of about $15,000. The appellant was surety upon his bond as such collector for the year 1909. That part of his defalcation occurring during the years 1910 and 1911 is not involved in this controversy. The city sued to recover of appellant as surety the sum of $1,600 with interest, the alleged amount of his shortage for the year 1909. The case was referred to a commissioner, who reported that the proof showed a shortage of $1,249.79. Judgment of the lower court went against appellant for that amount. No question is raised as to the amount of the shortage. Before considering the grounds relied upon by appellant for reversal, it may be well to explain further that under the provisions of Section 3188, Kentucky Statutes, Reusch was elected delinquent tax collector and executed the bond required by the Statute. It thus appears that he was a public officer—not an employe. He was elected to serve the city in an official capacity for a term of two years.

The appellant contends that the city failed to comply with Section 5 of the bond, and thereby absolved appellant from all liability. The city admits the failure to give the notice, but insists upon its right of recovery notwithstanding. That clause of the bond which it claims the city breached is as follows:

"5.   That the employer's claim for default hereunder must be presented to the surety within six months from the date the responsibility of the surety for the employe's further acts ceased from any cause, and no suit or proceeding at law or in equity shall be brought

after 365 days shall have passed from the date upon which the surety's responsibility for the further acts of the employer ceased."

Appellant concedes that so much of the clause as requires a suit to be brought within 365 days is void, because it is against public policy and in contravention of the statutes of limitation, but it says the *employer,* that is, the city, failed to present to the surety a claim for the default within six months from the date its responsibility ceased on the bond. It cites and relies upon the case of Ballard County Bank's Assignee v. U. S. F. & G. Co., 150 Ky., 236, where this court had under consideration a similar clause in a surety bond executed to a private corporation. In that case it was held that the clause only required discovery of the losses and notice thereof by the employer within a six months' period, and that its effect was not to fix a period of limitation for filing suit different from that prescribed by the statute. The contract as to notice was deemed binding as against individuals or private corporations because parties who are *sui juris* have a right to contract as they please, subject to the limitation that the contract shall not violate the constitution or statute or be against public policy.

But a city, of course, can only act through its officers. Were the city officers who took this bond *sui juris?* Although the six months' notice clause might be considered as not attempting to fix a period of limitation less than that prescribed by statute for instituting an action, was the bond none the less in contravention of the statutes regulating official bonds, and therefore against public policy?

As is said in the case of U. S. F. & G. Co. v. Commonwealth, 31 Ky. L. R., 1179:

"A public officer has no authority except such as is conferred upon him by law. * * * A State (and the appellee here is but an arm of the State) is never affected by the acts of her officers beyond the scope of their duties; for all persons dealing with them must take notice of the laws of the land."

Sections 3751 and 3752 of the Kentucky Statutes prescribe certain terms and provisions that must be in the bond of public officials. Section 3751 says:

"Such bond shall be a covenant to the Commonwealth of Kentucky from the person and his surety that *he shall*

*faithfully discharge the duties of the office, trust or employment.''*

Under the authority of Conley v. American B. & T. Co., 113 Ky., 1903, such bonds are controlled by these sections of the statute, ''and must be read in connection therewith.''

By an act of 1908, which is Section 186-d, Kentucky Statutes, it is provided that such bonds ''shall be limited in a definite penal sum, which shall be determined and fixed by the officer or officers whose duty it is to approve the bond.'' It will thus be seen, that the statutory obligation, which is really a part of the contract obligation for public officials, is that the officer will faithfully discharge the duties of the office or else the surety will pay the loss occasioned thereby, not to exceed the sum fixed in the bond. We find no authority for any other contract limitation.

The city made no warranty to the appellant that its officials were honest and diligent, and there is no authority for an official or set of officials to undertake, on behalf of the city, any such warranty as to other officials. There is no statute making it the duty of any officer to give notice of a defalcation to the surety on a bond, and no officer has the power to bind the city by any contract that such notice will be given. As above stated, the city can only act by its officers, and those officers can act for the city, that is, bind the city, only when authorized or directed by law. Wade v. Mt. Sterling, 18 Ky. L. R., 377; Fidelity & Deposit Co. v. Commonwealth, 104 Ky., 583; Delker v. Owensboro, 27 Ky. L. R., 1777; Schwerman v. Commonwealth, 18 Ky. L. R., 585.

The case of Fidelity & Deposit Company v. Commonwealth, 104 Ky., 583, distinguishes between the power of public officials and the power of officers or employes of a private corporation or an individual to bind their principal with reference to indemnifying bonds. The Ballard County Bank case, *supra,* and some of the others cited, recognize the right of individuals and private corporations to assume such obligations as we have been discussing, and for the reason that they are *sui juris.* But for the reason that municipal corporations and their officials are not *sui juris* they have no authority to take an obligation from a surety on a statutory official bond conditioned for less than a faithful discharge of the duties of the office, nor have they a right to add by con-

tract any duties on other officials, or qualify those duties imposed by law so that a breach of such added duties would void the bond.

The case of Commonwealth v. Tate, 89 Ky., 587, was to recover of sureties upon the bond of Tate warranting that he as treasurer, "shall faithfully and diligently discharge all of the duties pertaining to said office." There were no conditions or provisos in or attached to the bond. The sureties defended on the idea that it was the duty of the Auditor and Secretary of State, under the law, to make periodical settlement of his accounts, and that the shortage came by reason of the negligence of those officers in that regard. Arguing that such omissions of those officers were breaches of the contract on the part of the State, it was contended that the State was estopped to assert a claim on the bond. It was held that the creation of the office of Auditor and Secretary of State, and imposition upon them the duty to examine and inspect the treasurer's office was a safeguard for the benefit of the State—not directly for the benefit of his sureties. It was for the protection of the State and the security of its funds that such examinations and settlements with other officers were required. For its further protection a bond with surety was required of the treasurer if, notwithstanding the other safeguards placed around him, perchance he should default.

In holding that omission in duty by other officers did not estop the State from proceeding against the sureties of the treasurer the court said:

"The Commonwealth in investing the Auditor and Secretary of State with the powers above mentioned, did not do so as a guaranty to the sureties of Tate that he would faithfully discharge his duties. If such had been the purpose, there would have been no need of Tate's giving security for the faithful discharge of his duties; but the power was given to them as an additional guaranty to the people. Hence, the law required Tate to give bond, with sufficient sureties, that he would faithfully and diligently discharge his duties; and, not being satisfied with this security alone, additional safeguards were thrown around his official conduct in the way of preventing his stealing, and speedily detecting the same, as additional security to the people; and, as still an additional security to the people, bond, with sufficient sureties, was required of the Auditor that he would faithfully and diligently discharge the duties."

We are of the opinion that the bond was executed in the light of the statutes referred to and should be read in connection therewith, and any limitation in the bond in derogation of the statutory requirements is not binding as to the city. And the city having sustained the loss as ascertained by the commissioner and adjudged by the lower court, and this loss resulting from the failure of the principal, a public official, to faithfully discharge the duties of the office, the surety is liable.

The judgment is, therefore, affirmed.