## Federal Surety Company v. Board of Education of Marshall County.

(Decided November 29, 1927.)

### Appeal from Marshall Circuit Court.

1. States.—Rights of commonwealth are not affected by laches of its officers.
2. Taxation.—County board of education is not precluded from recovering against surety on sheriff's bond for taxes, which sheriff collected and failed to pay over, by failing to notify surety of shortage at time when surety might have saved itself from loss, especially where sheriff's annual settlements are matter of record and show that sheriff was in arrears.

W. A. BERRY for appellant.

E. L. COOPER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Joe Darnell was sheriff of Marshall county from the first Monday in January, 1922, to the first Monday in

January, 1926. He executed bond with the Federal Surety Company as his surety on the first Monday in January, 1922, and renewed his bond annually during his term. This action was brought against the surety company on the bond by the county board of education for a large amount of taxes he had collected and failed to pay over. In paragraph No. 2 of its answer the defendant pleaded that at the end of the year 1922 Darnell was in default in payment of taxes collected by him, and such nonpayment of taxes was known to the plaintiff, and no notice was given it of such shortage until after January 1, 1926, and the same condition existed in the years 1923 and 1924. It further pleaded that if it had been notified of the shortage in the first year it would have been able to save itself from loss as Darnell was then in good financial condition. It further pleaded that during Darnell's term of office he, out of the public funds collected by him, paid various personal debts owing to divers people, of which fact at that time the plaintiffs had knowledge, and that they had no right to sit idly by and allow the funds to be so paid out to other parties. It pleaded these facts as constituting an estoppel on the plaintiffs from maintaining the action against it. The court sustained a general demurrer to this paragraph of the answer. The case was prepared for judgment, and on final hearing judgment was entered in favor of plaintiffs. The defendant appeals, and the only ground of reversal is the sustaining of the demurrer to the second paragraph of the defendant's answer.

It is conceded that the ruling of the court followed the following decisions of this court: Com. v. Tate, 89 Ky. 587, 13 S. W. 113, 12 Ky. Law Rep. 1; Wade v. Mt. Sterling, 33 S. W. 1113, 18 Ky. Law Rep. 377; Fidelity, etc., Co. v. Com., 104 Ky. 579, 47 S. W. 579, 49 S. W. 467, 20 Ky. Law Rep. 788, 1402; U. S., etc., Co. v. Com., 104 S. W. 1029, 31 Ky. Law Rep. 1179; Bankers' Surety Co. v. Newport, 162 Ky. 473, 172 S. W. 940; Clay County Board v. Lewis, 187 Ky. 231, 218 S. W. 716; Fiscal Court v. Board of Education, 191 Ky. 263, 230 S. W. 57; Gay v. Jackson County Board, 205 Ky. 277, 265 S. W. 772.

It is earnestly insisted that an individual who knew that the principal was defaulting would be guilty of such negligence as would prevent him from recovering if he did not give the surety notice of the wrong. But, on the other hand, the rule is well settled that the common-

wealth is not affected by the laches of its officers. The reason for the rule is obvious. An individual is responsible for his own dereliction, but the state must do its business by its officers, and the public, which is only another name for the state, should not suffer for the negligence of these officials. The rule is so well established that it is no longer open to question in this jurisdiction.

"The obligation of the sureties on an official bond does not depend on the prompt enforcement by the state of its rights against the officer in the event of his default or misconduct. While the sureties on such a bond enjoy whatever protection there may be in the law imposing supervisory duties on other public officers, there is no undertaking or guaranty on the part of the government in favor of such sureties, either express or implied, that the requirements of the law shall be complied with or that public officers shall perform their prescribed duties; and no laches in regard to official bonds may be imputed to the government." .22 R. C. L. 511, sec. 197.

In fact, there is little merit in appellant's contention. The sheriff made his settlements annually. These settlements were a matter of record. The surety had the same notice of these records as the plaintiffs. Every year the sheriff, as shown by these records, was behind. The surety, if it had used any kind of diligence, would have known the facts. It was incumbent upon it rather than upon the public officers to look into these settlements and learn how the sheriff was getting along before signing the renewal bonds.

Judgment affirmed.