## Fidelity & Deposit Company of Maryland v. Brown.

(Decided May 28, 1929.)

WM. MARSHALL BULLITT, LEO T. WOLFORD and BRUCE & BULLITT for appellant.

WEBB & WEBB for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming in part and reversing in part.

Perry Roscoe Brown was elected sheriff of Graves county at the November election in 1925 for a term of four years. On November 19, 1925, he made written applications to the Fdielity & Deposit Company of Maryland to become surety on his bond in the penal sum of $170,000 as collector of the county revenue, and also upon his bond in the penal sum of $80,000 as collector of the state revenue. The applications each contained a covenant "to pay the company as the premium on said bond the sum of $311.85 (in one case and $146.65 in the other) annually in advance on the first day of January in each and every year as long as his liability under said bond shall continue and until evidence satisfactory to the company of the termination of such liability shall be furnished to it at its home office." Brown paid the premium for the year 1926, but for the year 1927 he procured personal sureties and declined to pay any premium to the surety company. This action was instituted by the Fidelity & Deposit Company against Brown to recover the annual premiums for the three years of his term of office subsequent to 1926.

The circuit court held in favor of the surety as to the premium accrued on the state revenue bond, but found for the sheriff as to the premiums not yet due under the contract, and also as to the annual premiums accrued on the county revenue bond. The surety company appeals on the ground of inadequate relief, and the sheriff has taken a cross-appeal to reverse so much of the judgment as went against him.

The main question presented is the liability of the surety on the two bonds given for the year 1926 for the subsequent years of the sheriff's term of office, for which years he had given new bonds with personal sureties. The liability for the premiums is contractual, but the contract makes it depend upon the legal liability of the surety on the bonds. A subordinate question is raised as to the right of the surety to collect premiums not yet due on the ground of an anticipatory breach of the contract to pay them.

The sheriff is required to execute three statutory bonds. This court has described these three bonds as "the Official Bond" (section 4556), "the General Revenue Bond" (section 4133), and "the Special County

Levy Bond'' (section 1884). Fidelity & Deposit Co. v. Commonwealth, 104 Ky. 579, 47 S. W. 579, 49 S. W. 467, 20 Ky. Law Rep. 788, 1402. The bonds given by the sheriff with the Fidelity & Deposit Company as surety were those required by sections 1884 and 4133. The official bond required by section 4556 was not executed by the appellant, and is not involved in this case. Section 1884 of the present statutes was passed on April 18, 1892, section 4133 was enacted in November, 1892, and section 4556 was adopted on March 4, 1893. All three acts were passed at the long session of the General Assembly. Section 4134 provides as follows:

> ''The county court may require the sheriff to give an additional bond or bonds, with good surety, to be approved by the county court whenever it may deem the interest of the state, or county demands; and the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the term in which said bond may be executed, whether the liability accrues before or after the execution of such bond or bonds.''

It is argued that the provisions of section 4134 should be confined to the bonds that may be required by the county court under and pursuant to its terms in addition to those otherwise given or required. Reading the statute apart from its history, it would seem to apply only to the limited extent suggested. That position was forcefully presented to the court in the case of Fidelity & Deposit Co. v. Commonwealth, 104 Ky. 579, 49 S. W. 467, but it was rejected. The language of the statute is general and comprehensive, and this court has consistently held that all bonds given by the sheriff at the inception of his term of office cover his entire term, and any bond subsequently given is merely additional security. Schuff v. Pflanz, 99 Ky. 97, 35 S. W. 132, 18 Ky. Law Rep. 25; Fidelity & Deposit Co. v. Com., 104 Ky. 579, 47 S. W. 579, 49 S. W. 467, 20 Ky. Law Rep. 788, 1402; Howard v. Commonwealth, 105 Ky. 604, 49 S. W. 466, 20 Ky. Law Rep. 1411; Leslie County v. Maggard, 212 Ky. 356, 279 S. W. 335; U. S. Fidelity & Guaranty Co. v. Salyer, 131 Ky. 527, 115 S. W. 767; Baker v. Fidelity & Deposit Co., 73 S. W. 1025.

In view of the broad language of the statute and the uniform holding of this court, as indicated, we are constrained to the conclusion that the provisions of section

4134 apply to all bonds executed by the sheriff. This conclusion comports with sound policy, avoids the confusion likely to arise from many bonds with numerous sureties, with separate and distinct liabilities, and protects the public interests. It follows that the surety is liable on the bonds given at the beginning of the sheriff's term of office for the entire term, whether the bond be the one given under section 1884, section 4133, or section 4556. Since the surety is liable on the bonds notwithstanding the new bonds given in subsequent years, it is entitled by the terms of the contract to collect the premiums each year for the whole term. It is, however, entitled by the contract to collect the premiums only one year in advance, and premiums not yet accrued may not be collected in this action. We recognize the principle that the unequivocal repudiation or renunciation of an executory contract in advance of the time of performance may be regarded as an anticipatory breach and support an immediate action without waiting for the time of performance to arrive, if the injured party so elects. 13 C. J. p. 651, sec. 725; Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953; Wallingford v. Aitkins, 72 S. W. 794, 24 Ky. Law Rep. 1995; Globe Fertilizer Co. v. Tenn. Phosphate Co., 85 S. W. 1177, 27 Ky. Law Rep. 636. But that principle has no application to a contract to pay money in the future at times specified, where the other party has completely executed the contract on his part, as is true in this case. 13 C. J. p. 655, sec. 728; Louisville Packing Co. v. Crain, 141 Ky. 379, at p. 390, 132 S. W. 575. Since the liability of the sheriff is now settled, no further difficulty in collecting the annual premiums as they come due need be encountered.

The circuit court was correct in permitting a recovery of the premiums accrued under the annual revenue bond, but erred in denying recovery of the premiums due on the bond for the county levy. It follows that the judgment will have to be reversed on the appeal and affirmed on the cross-appeal.

The judgment is reversed on the appeal and affirmed on the cross-appeal, with directions to proceed in accordance with this opinion.