# National Surety Co. v. Commonwealth ex rel. Coleman, State Auditor.

(Decided March 23, 1934.)

608

EDWARD P. HUMPHREY, MARVIN H. TAYLOR and DAVIS & AMBERG for appellant.

BAILEY P. WOOTTON, Attorney General, OVERTON S. HOGAN. Assistant Attorney General, F. B. MARTIN, Commonwealth Attorney, LON ADAMS, County Attorney, and O. H. BROOKS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming in part and reversing in part.

Charles D. Nugent was duly elected and qualified as county judge for the term beginning on the first Monday in January, 1922. He was re-elected in 1925 and duly qualified for the term beginning in January, 1926. He died in office in March, 1928. By section 1061, Kentucky Statutes, the county judge "shall," before entering upon the discharge of the duties of his office, and every two years thereafter, execute before the clerk of the circuit court of the county, bond, with good sureties, to be approved by the clerk, to the effect that he will faithfully discharge all the duties of his office." After his election in 1921, he executed bond with the Maryland Casualty Company as his surety. Two years afterward and on December 24, 1923, he executed bond with the National Surety Company of New York as his surety in the penal sum of $2,500, "that the said Charles D. Nugent as county judge of Fulton County, shall well and truly discharge the duties of said office according to law and pay over to all parties entitled thereto the funds that may come into his hands by virtue of his office as judge aforesaid." On January 1, 1926, he executed a bond, the material part of which is in these words:

"The National Surety Company [hereinafter called the Company] hereby continues in force its Bond No. 1903721 in the sum of Twenty Five Hundred [$2500.00] dollars, on behalf of Chas. D. Nu-

gent in favor of the Commonwealth of Kentucky for the [extended] term beginning on the first day of January, 1926, and ending on the first day of January, 1927, subject to all the covenants and conditions of said Bond.

"This continuation is executed upon the express condition that the Company's liability under said Bond and this and all continuations thereof shall not be cumulative and shall in no event exceed the sum of Twenty Five Hundred [$2500.00] Dollars."

On December 5, 1929, the commonwealth, on relation of the state auditor, filed its petition in the Fulton circuit court against the National Surety Company to recover on these bonds the amount of fines and forfeitures which the county judge had collected and not paid over. On final hearing of the case, after a reference to the commissioner to report the account, the court entered judgment against the National Surety Company in the sum of $1,839, for fines and forfeitures collected by him during his first term and for $2,063.36, of fines and forfeitures collected during his second term, and the further sum of $27.50 for the state tax of 50 cents on each suit in his court which he had collected during his second term. From this judgment the surety company appeals.

Only two grounds of reversal are relied on:

1. The county judge was without authority to collect fines and forfeitures and his surety is not responsible for money so collected by him.

2. The surety company in any event is liable only to the extent of $2,500, the penalty in the bond.

1. Had the county judge authority to collect fines and forfeitures?

Sections 1071 and 1075, Kentucky Statutes, provide:

"The county judge may administer oaths, shall be a conservator of the peace within his county, and have all the power of a justice in penal and criminal proceedings, and may singly hold a court of inquiry in such proceedings." Section 1071.

"The trial and proceedings after judgment shall be in all respects the same as if the case was tried in the circuit court." Section 1075.

By section 1093, Ky. Stats., the county judge "shall have jurisdiction exclusive of circuit courts in all penal and misdemeanor cases, the punishment of which is limited to a fine not exceeding twenty dollars [$20.00], and jurisdiction concurrent· with circuit courts of all penal cases and misdemeanor cases, the punishment of which is limited to a fine of not exceeding five hundred [$500.00], or imprisonment not exceeding six months, or both." Section 1093.

In sections 1721 and 1732 it is provided:

"As additional compensation for services in Commonwealth cases, each circuit clerk shall receive from the state treasury ten per cent. [10%] of the amount of all fines and forfeitures recovered in their respective courts and paid into the state treasury, but not until so paid in." Section 1721.

"County judges for all services rendered in quarterly courts, so far as same apply when the jurisdiction is concurrent with the circuit courts, shall be entitled to charge and receive the same fees allowed by law to clerks of circuit courts for similar services." Section 1732.

The following provisions are also made:

"Each circuit and county clerk shall make out an account of all taxes and other public money received by him up to the first day of each circuit court; and said report shall show in detail of whom said moneys were received, for what and when received, and shall be verified by him and entered of record." Section 4242.

"The clerks of the circuit courts and county courts and judges of the county courts, police courts, and justices of the peace and trustees of the jury fund of this Commonwealth shall keep a well-bound book in their office, in which they shall enter at the time it is received, able, or when received, all tax on suits, or other moneys received by them for the Commonwealth, showing of whom received, on what account, amount, and date, which books shall, at all times, be open to public inspection." Section 4243.

"It shall be the duty of the circuit court clerks, county judges, police judges, and justices of the

peace of this Commonwealth to issue proper process and place same in the hands of the sheriff, taking his receipt therefor, within ten days after the adjournment of each term of court during which said judgment was rendered, on all judgments in favor of the Commonwealth which have not been paid or replevied in the office or remitted or respited by the governor, and said circuit court clerk, county judge, police judge, and magistrate shall within ten days after the maturity of each and every replevied bond on any judgment entered in the court of which he is clerk or judge issue executions and place them in the hands of the sheriff as aforesaid.'' Section 4245.

"It shall be the duty of all sheriffs, clerks, county judges, police judges, justices of the peace, constables, marshals and other officers authorized to receive moneys due the Commonwealth, to report on the first day of each circuit court, and in a court having a continuous session to report every four months, the amount of all moneys due the Commonwealth and collected by any such officer from all sources, except state and district taxes, since such officers' last report was made. The reports shall be in writing, and sworn to in open court by the officer making it, unless for good cause the court may excuse an officer, and receive his report sworn to before some person authorized to administer an oath. The report shall be on blanks prepared and furnished the circuit clerk by the auditor of public accounts, and shall show from whom the money was received, the amount and date of collection, and on what account the money was paid; and the reports of the county judges, police judges and justices of the peace shall also show on which fines and forfeitures reported the county attorney is entitled to commission by reason of having attended and prosecuted the cases in which they were imposed.'' Section 4252.

"Any officer failing to make the report and failing to comply with the order of the court with reference thereto, shall be deemed guilty of contempt of court, and be proceeded against by proper rules and orders.'' Section 4254.

"The court shall order all such officers to pay any money in their hands to the officers entitled to

receive it, and when the amount due is paid and the receipts therefor filed with their respective reports, the court shall approve the reports and cause the same to be filed in the office of the clerk of his court.'' Section 4255.

By section 26 of the Criminal Code of Practice the county judge is one of the magistrates of the county, and when holding court for the trial of these minor offenses, he is the clerk of the court and liable as such. Ky. Stats. sec. 1088.

It has long been the established practice in the state in the trial of minor offenses in magistrates' courts for the defendant to pay into court the money where the defendant wished to pay in cash the fine or forfeiture imposed and so avoid additional expense. Such practice is fully warranted by the above statutes. For by section 1075 the proceedings after judgment shall in all respects be the same as if the case was tried in circuit court; by section 4243 county judges and justices of the peace shall keep a well-bound book in their office in which they shall enter at the time all money received by them for the commonwealth; by section 4252 it is made their duty to report to the circuit court every four months the amount of all money due the commonwealth and collected by such officer, and this report of county judges and justices of the peace must also show on which fines and forfeitures reported the county attorney is entitled to commission; by section 4255 the court shall order all such officers to pay any money in their hands to the officers entitled to receive it. It is also provided in sections 1721 and 1732 as the Statutes then stood that as additional compensation for services in the commonwealth cases, each county judge shall receive from the state treasury 10 per cent. of the amount of all fines and forfeitures recovered in their respective courts and paid into the state treasury. By section 4245 it is provided that the magistrates shall issue proper process and place the same in the hands of the sheriff within ten days after the adjournment of each term of court during which the judgment was rendered on all judgments in favor of the commonwealth which have not been paid or replevied in the office, thus clearly showing that the defendant had a right to pay in the office and avoid the expense of further process. If he paid in the office he could only pay to the county judge, for the county judge is both the judge and the clerk of his court. If this

money had been paid into the circuit court under the facts shown here, the clerk receiving the money would be responsible under his bond therefor. All the courts are by the Statutes put on the same footing. The sheriff, under section 4572, Ky. Stats., is not authorized to collect such money until an execution is put in his hands authorizing him to collect it, and the clerk of the court is authorized to receive the money at any time before the authority of the sheriff begins; for the defendant has the right to pay and stop cost. This is the clear meaning of the Statutes read as a whole as they then stood. The clerk is the executive officer of the court in such matters as shown by above statutes, for otherwise they would be meaningless. What is necessarily implied need not be expressly stated. Commonwealth v. Kirk, 212 Ky. 646, 279 S. W. 1091, 44 A. L. R. 816.

Section 4606a-5, Ky. Stats., providing for reports to the auditor on the last day of each month by all officials authorized to collect money for the commonwealth, is simply a provision imposing a new duty on these officers and in no wise affects their authority to collect. The act is entitled "An Act to provide for the uniform accounting and inspecting of the public officers of this Commonwealth," and it otherwise in no way changes their duties. See Session Acts 1914, p. 47, c. 12.

2. What is the surety's liability?

The default under the first bond was $1,839.75. There is no dispute that the surety under the first bond executed December 24, 1923, is liable for this, if it is liable for the fines and forfeitures as held above. But it is insisted that under the second bond, executed January, 1926, it is in any event liable only for $2,500 less $1,839.75, the amount recovered under the first bond, or $660.25, by reason of this provision in that bond:

> "This continuation is executed upon the express condition that the Company's liability under said bond and this and all continuations thereof shall not be cumulative and shall in no event exceed the sum of Twenty-five Hundred [$2500.00] Dollars."

The question presented is: Is such a restriction of the surety's liability valid under the statute?

Section 1061, Ky. Stats., provides:

> "The county judge shall, before entering upon the discharge of his duties, take an oath to faithfully discharge the duties of his office, and shall, before

entering upon the discharge of the duties of his office, and every two years thereafter, execute before the clerk of the circuit court of the county, bond, with good sureties, to be approved by the clerk, to the effect that he will faithfully discharge all the duties of his office.''

Section 186d-1, Ky. Stats., also provides:

''That the bond required by law to be executed and given by any state, county, city, or other public official, and the bond required by law of any depository of state, county, city, or other public funds, and the bond of any executor, administrator, guardian, committee, assignee, or other fiduciary, and any other bond required by law for the discharge or performance of any public or fiducial office, trust, or employment, shall be a covenant to the Commonwealth of Kentucky, from the principal and surety, or sureties, that the principal will faithfully discharge the duties of the office, trust, or employment, and such bonds shall be limited in a definite penal sum, which shall be determined and fixed by the officer or officers whose duty it is to approve the bond, and the recovery againts the surety under any such bond shall be limited to the amount of the penalty named therein.''

Thus we see that under this latter section of the Statutes, it was the duty of the circuit clerk in taking the bond of the county judge to fix a definite penal sum beyond which the surety should not be liable, and it may be perhaps that the circuit clerk, should he fail to fix an adequate penal sum in the bond, might himself be liable on his official bond for such failure. However that may be, as set out in the case of Bankers' Surety Co. v. City of Newport, 162 Ky. 473, 172 S. W. 940, although ordinarily any limitation in a statutory bond in derogation of the statutory requirements is not binding on the obligee of the bond, yet this section 186d-1 specifically provides that the surety may contract by his bond for a sum beyond which he shall not be liable for any loss occasioned by his principal. The contract executed by the surety in this case specifically provided that the loss for which it should be liable should in no event exceed $2,500, whether the loss had been occasioned in whole or in part in the term preceding that beginning January, 1926, or in the latter term. It was contracting that its total liability should be this definite sum of $2,500, and

to hold the surety to any greater liability would be to impose upon it a contract it did not make. True it is that if a surety undertakes to execute a statutory bond it will be held to the requirements that the statute provides for such bonds, and may not excuse itself by limitations expressed in the bond in derogation of such stattutory requirements. But the statute here expressly permits the surety, with the approval of the officer taking the bond, to set a money limit beyond which its liability shall not go, and hence nothing was written in the bond in derogation of statutory requirements. It follows that the surety in the instant case is liable only to the extent of $2,500.

The judgment, in so far as it awarded the appellee the sum of $1,839.75 with interest thereon at the legal rate from January 1, 1926, until paid, is affirmed; and in so far as it awarded the appellee the further sum of $2,063.36 with interest at the legal rate thereon from March 1, 1928, is reversed, with instructions to award the appellee the further sum of $660.25 with interest at the legal rate thereon from March 1, 1928, until paid. The cost in this court is adjudged to be equally divided between appellant and appellee.