MONUMENTAL LIFE INSURANCE COMPANY (Successor In Interest To Commonwealth Life Insurance Company), Appellant,

v.

THE DEPARTMENT OF REVENUE (Formerly Known As The Revenue Cabinet); The Kentucky Board of Tax Appeals; and Louisville/Jefferson County Metro Government (Formerly known as City of Louisville, Kentucky and Jefferson County, Kentucky), Appellees.

No. 2005–CA–002148–MR.

Court of Appeals of Kentucky.

Aug. 18, 2006.

Mark F. Sommer, Mark A. Loyd, Greenbaum Doll & McDonald PLLC, Louisville, KY, William A. Chittenden, Chittenden, Munday & Novotny LLC, Chicago, IL, for appellant.

Laura M. Ferguson, Stephen G. Dickerson, Office of Legal Services for Revenue, Frankfort, KY, for appellee, The Department of Revenue.

Gary E. Siemens, Benson Byrne Risch Siemens & Lange, Louisville, KY, for appellee, Louisville/Jefferson County Metro Government.

Before ABRAMSON, TAYLOR, and VANMETER, Judges.

## OPINION AND ORDER

VANMETER, Judge.

This matter is before us upon Monumental Life Insurance Company's motion to remand the administrative record to the Kentucky Board of Tax Appeals (KBTA) for proper organization and indexing. The Revenue Cabinet opposes the motion. After reviewing the relevant facts and legal authority, we grant the motion.

The KBTA is an "administrative review agency" (Kentucky Revised Statutes (KRS) 131.310) endowed with exclusive jurisdiction over certain appeals from rulings and orders affecting revenue and taxation (KRS 131.340). An administrative hearing before the KBTA "shall be de novo and conducted in accordance with KRS Chapter 13B." KRS 131.340(1).

KRS 13B.130 requires an administrative agency, such as the KBTA, to maintain an official record of the proceedings:

In each administrative hearing, an agency shall keep an official record of the proceedings which shall consist of:

(1) All notices, pleadings, motions, and intermediate rulings;

(2) Any prehearing orders;

(3) Evidence received and considered;

(4) A statement of matters officially noticed;

(5) Proffers of proof and objections and rulings thereon;

(6) Proposed findings, requested orders, and exemptions;

(7) A copy of the recommended order, exceptions filed to the recommended order, and a copy of the final order;

(8) All requests by the hearing officer for an extension of time, and the response of the agency head;

(9) Ex parte communications placed upon the record by the hearing officer; and

(10) A recording or transcript of the proceedings.

KRS 13B.130. For the reasons hereinafter elucidated, we interpret KRS 13B.130 as impliedly requiring an administrative agency to create and maintain a complete and orderly official record of the proceedings that is readily capable of review.

It is axiomatic that construction and interpretation of a statute is a matter of law for the court. *City of Worthington Hills v. Worthington Fire Protection Dist.*, 140 S.W.3d 584 (Ky.App.2004). When interpreting a statute, the court recognizes that a statute need not expressly state that

which is necessarily implied. *Nat'l Surety Co. v. Com. ex rel. Coleman,* 253 Ky. 607, 69 S.W.2d 1007 (1934).

██ KRS 13B.130 explicitly requires an administrative agency to keep an "official record" comprised of specific documents and materials. By expressly mandating such an official record, the General Assembly clearly intended that the record be organized in a manner readily capable of review. This is especially true considering the importance of the administrative record to both the administrative process and to judicial review. Simply put, a record lacking coherent organization evades meaningful administrative and judicial review.

██ Accordingly, we interpret KRS 13B.130 as implicitly requiring an administrative agency to create and maintain a complete and orderly official record of the proceedings that is readily capable of review. To hold otherwise would render hollow the statutory mandate to keep an official record.

In this appeal, the administrative record is comprised of six boxes of various documents and materials and includes both copies and originals without differentiation. These documents and materials are arranged in no particular order, and there is no index or other content listing of same. Without a content index, it is impossible to discern whether the administrative record is even complete.

██ While it is generally appellant's responsibility to ensure an adequate record for judicial review, the statutory duty of an administrative agency to provide a complete and orderly official record is mani-

festly paramount. Here, the KBTA failed to create and maintain an official record as mandated by KRS 13B.130.

Therefore, the Court ORDERS that Monumental Life's motion to remand the administrative record to the KBTA be GRANTED. We remand for the limited purpose of directing the Franklin Circuit Court to order: (1) the Clerk of the Franklin Circuit Court to return the administrative record to the KBTA; (2) the KBTA to properly compile the administrative record in an organized manner that renders it readily capable of review;[1] and (3) the KBTA to transmit a properly organized administrative record to the Franklin Circuit Court Clerk within ninety (90) days of entry of the circuit court's order.

Pending transmittal of a properly organized administrative record to the Franklin Circuit Court Clerk, the Court further ORDERS Appeal No. 2005–CA–002148–MR to be held in ABEYANCE. Additionally, the Clerk of the Franklin Circuit Court is hereby ORDERED to notify this Court upon receipt of the KBTA's record. In addition to the parties, we also ORDER the Clerk of the Court of Appeals to give due notice of entry of this Opinion and Order by mailing a true copy thereof to the Clerk of the KBTA and to the Chairman of the KBTA.

ALL CONCUR.

---

1. We observe the compilation of a circuit court record could serve as an example of a properly organized official administrative rec- ord. *See* Ky. R. Civ. P. (CR) 98(3); CR 76.25(5).