(112 App. Div. 727)

EVERETT v. VILLAGE OF POTSDAM et al.

(Supreme Court, Appellate Division, Third Department.   May 2, 1906.)

ELECTIONS—BALLOTS—DIFFERENT PROPOSITIONS — MUNICIPAL CORPORATIONS— ISSUANCE OF BONDS—VALIDITY.

The village law, Laws 1897, p. 438, c. 414, § 241, provides that a proposition may be submitted at a village election for the establishment of a lighting system, and section 60 (page 383), provides that the provisions of the election law relating to ballots shall apply to propositions submitted. Election law, Laws 1896, p. 937, c. 909, § 82, provides that if there be more than one proposition or question to be submitted the different propositions or questions shall be separately numbered and printed. Held, that a proposition authorizing a lighting system to be

operated by a village water power, by steam power, by a purchased electric current, or by any approved method of combining any of such methods, was not violative of section 82, as the details embodied in the proposition were within the discretion of the village officers, and were unnecessarily included in the proposition.

Appeal from Trial Term, St. Lawrence County.

Action by Edward A. Everett against the village of Potsdam and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

At an election held in the village of Potsdam March 21, 1905, there was submitted a proposition for the establishment or acquisition by said village of a system for supplying the village and its inhabitants with light at a cost not exceeding $40,000. The proposition was adopted by the voters. Pursuant thereto the officers of the village offered for sale bonds of the village to the amount of $40,000, and were proceeding to sell the same. Thereupon this action was instituted by the plaintiff a taxpayer of the village against the village and its officers to restrain them from issuing or delivering said bonds, and from taking any other proceeding in reference to the establishment or acquisition of such lighting system, on the ground that the question submitted to the electors of the village combined more than one proposition within the meaning of the village law, and that the proposed lighting system and the issue of bonds therefor were not on that account lawfully authorized.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Lowen E. Ginn and Ledyard P. Hale, for appellant.

A. X. Parker, Thomas D. Watkins, and T. H. Swift, for respondents.

COCHRANE, J. Section 241 of the village law (Laws 1897, p. 438, c. 414) is as follows:

"A proposition may be submitted at a village election for the establishment of a system for supplying the village and its inhabitants with light by any approved method or for the acquisition of an existing private system at an expense in either case not exceeding the sum stated in the proposition."

Section 60 of the village law provides that:

"The provisions of the election law relating to ballots apply to propositions submitted under this chapter."

And section 82 of the election law, Laws 1896, p. 937, c. 909, provides:

"If there be more than one constitutional amendment or proposition or question to be submitted to the voters of that district, the different amendments or propositions or questions shall be separately numbered and printed."

The plaintiff claims that this last provision has been disregarded, because there was more than one proposition or question submitted to the voters without separately numbering and printing the same. Consideration of the proposition in question must be within the limits by which the plaintiff has surrounded himself by the allegations of his complaint. The specific grounds of objection to such proposition are alleged in the complaint and the plaintiff by the form of his pleading has precluded himself from having any other objection considered. The complaint reasonably and properly construed alleges the invalidity of the proposition in question for the reason that

it authorizes a lighting system to be operated (1) by village water power; or (2) by steam power; or (3) by a purchased electric current; or (4) by any approved method of combination of any of the foregoing methods.

The question submitted to the electors of the village did not offend section 82 of the election law above set forth, by reason of the fact that it authorized the village officers to use in their discretion water power, steam power, an electric current, or a combination of any of those methods. Those matters were mere details which were within the discretion of the village officers. Had nothing been said in the proposition as to those matters they could use their discretion in reference thereto. It was unnecessary that the proposition should contain any reference to those matters as without such reference the officers would have had full authority to use their judgment and discretion in the same manner as they might have used their discretion in reference to the extent and capacity and character of the system, the nature of the material out of which the plant was to be constructed, or the kind of machinery to be used, or many other details of construction. The insertion in the proposition of these unnecessary details was unimportant and harmless. The objections to the proposition raised by the complaint are untenable.

The judgment should be affirmed, with costs. All concur, except PARKER, P. J., not voting.