**TURNER et al. v. RAMSEY et al.**

No. 7856—Opinion Filed Feb. 27, 1917.

Rehearing Denied March 27, 1917.

(163 Pac. 712.)

(Syllabus by the Court.)

**Municipal Corporations—Officers—Charter—Initiative Petition—Composite Proposition—Salary and Term—City Commissioner—"Public Official."**

Two or more congruous propositions may be united as one in an initiative petition and in a submission thereof to an electorate so as to have an expression of the voters determine whether such composite proposition, with each of its elemental propositions, shall be adopted as an amendment to a city charter.

(a) A proposition as to the amount of salary a city commissioner shall receive, another that such salary may be increased or decreased at any time by an amendment of such charter, and another that his term of office may be terminated at any time, when so united as a single composite proposition, are congruous, and, in this respect, permissible.

(b) Such composite proposition, when it has received the ratification of a majority of the voters and the approval of the Governor, as required by sections 3a and 4e, art. 18 (Williams', secs. 329, 335) of the Constitution, is subject to the provision of section 10, art. 23 (Williams', sec. 359) of such Constitution, and cannot affect the salary of any such commissioner during a term for which he was previously elected or appointed.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by J. D. Ramsey and another against W. D. Turner and others. Judgment for plaintiffs, and defendants bring error. Reversed.

Whalin & Burton, for plaintiffs in error.

McElhoes, Ferris & Rhinefort, for defendants in error.

THACKER, J. This is an agreed case submitted to the district court of Comanche county, Okla., under sections 4419-4421, Stat. 1893 (sections 5303-5305, Rev. Laws 1910), by J. D. Ramsey, as plaintiff, and W. D. Tur-

ner, commissioner of finance, Henry Boyle, commissioner of public safety, and Dick Sanders, commissioner of public property, of the city of Lawton, Okla., as defendants, to which George H. Roberts was allowed to become a party plaintiff uopn his request. The case was decided in that court on November 1, 1915, against defendants, enjoining each of them, as prayed by the plaintiffs, from receiving a salary of more than $100 per month as such commissioners, under the charter of that city. This charter was in full force and effect at the time of the election of defendants, on April 6, 1915, to the respective offices mentioned, and at the time of their installation, on May 3, 1915, and then provided a salary of $166.66 2-3 per month for each of them, but purports to have been since amended by the ratification of a submitted proposition by the electorate of said city on April 6, 1915, when defendants were elected. The defendants were so elected for a term of two years. This purported amendment was proclaimed by the Governor as effective on September 2, 1915, and provides in substance and effect: (1) That the compensation of each commissioner shall be $100 per month; (2) that the term of office of each commissioner may be terminated at any time by amendment of said charter; and (3) that the compensation of each commissioner may be increased or decreased at any time by an amendment of said charter.

The ballot title used in voting on said amendment is as follows:

"Gist of the Proposition. Proposes an amendment to be known as section 10 of the charter of the city of Lawton, Oklahoma, fixing the salaries of the commissioners and providing that the term of office of any commissioner, or of all the commissioners, may be terminated at any time or their salaries increased or decreased at any time by an amendment to the charter of the city of Lawton, Oklahoma, and repealing all the provisions of the charter in conflict herewith."

From a judgment against the defendants they bring the case here for review upon the following propositions:

First. That the purported amendment is void because the ballot title used embraced three distinct propositions so united as to compel the voters to vote for or against all of them as a single proposition, and did not permit them to vote for or against each proposition separately as a distinct one.

Second. That the purported amendment of September 2, 1915, if valid, is inapplicable to and does not affect the salaries of the defendants during the term of office to which they had been elected and upon which they had entered before the amendment went into

effect because of section 10, art. 23 (Williams', sec. 359) of the Constitution of this state, which reads as follows:

"Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, that all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

We will discuss these propositions in the order in which we have stated them above.

It seems clear that, although not expressly inhibited, two or more incongruous propositions cannot be submitted to the voters of a municipal corporation as a single question so as to have one expression answer all of them, under our Constitution (sections 3a and 4e, art. 18, Williams', secs. 329 and 335) and statutes (L. 1907-08, pp. 440-444, and L. 1910, pp. 121-126, sections 3368-3401, Rev. Laws 1910—Lozier v. Alexander Drug Co., 23 Okla. 1, 99 Pac. 808), although there is more or less inharmony in the decided cases both as to what are separate and distinct propositions, and when there is such incongruity as to render the submission unfair and void. City of Leavenworth v. Wilson, 69 Kan. 74, 76 Pac. 400, 2 Ann. Cas. 367; Blaine v. City of Seattle, 62 Wash. 445, 114 Pac. 164, Ann. Cas. 1912D, 315; Tolson v. Police Jury of St. Tammany, 119 La. 215, 43 South. 1011, 12 Ann. Cas. 847; Ross v. Lipscomb, 83 S. C. 136, 65 S. E. 451, 137 Am. St. Rep. 794; Stern v. City of Fargo, 18 N. D. 289, 122 N. W 403, 26 L. R. A. (N. S) 665; Keith v. Lockhart, 171 N. C. 451, 88 S. E. 640; Hammond v. Clark, 136 Ga. 313, 71 S. E. 479, 38 L. R. A. (N. S.) 77; Everett v. Village of Potsdam, 112 App. Div. 727, 98 N. Y. Supp. 963; State ex rel. McClurg v. Powell, 77 Miss. 543, 27 South. 927, 48 L. R. A. 652; State ex rel. v. Alderson, 49 Mont. 387, 142 Pac. 210, Ann Cas. 1916B, 39.

Any combination of cognate propositions, especially when united because of physical conditions or economic or other proper considerations, may be viewed as a single proposition; and it seems that a proposition may, without invalidating an election thereon, contain any number of elemental propositions and call for a single expression of the voters as to all of them, so long as these component propositions are congruous and fair to the electorate in such combination. To prevent the perversion and abuse of the power of the initiative, petitioning proponents should not be allowed to combine, as one,

two or more incongruous propositions when fairness would require a separate submission of the same; but to avoid impairing this power, the petitioning proponents should be allowed ample latitude in combining into a single composite proposition all cognate elements reasonably deemed essential or proper to be so united.

The relation between the term of office, the compensation for services therein, and the power to terminate the term and change the compensation at any time, as elements of a proposition designed to secure efficient official services at fair compensation, seems obviously such as to permit a submission of the whole as a single composite proposition requiring of the voter a single response of yes or no. This combination of elemental propositions into a single composite proposition requiring a yes or no vote does not render the purported amendment void, although it appears that the provision of $100 per month as compensation and the provision that the compensation of any commissioner may be decreased or increased at any time by an amendment of said charter is subject to section 10, art. 23 (Williams', sec. 359), of our state Constitution hereinbefore quoted.

In Black's Law Dictionary the word "public" is defined as "pertaining to a state, nation, or whole. community"; and we think it clear that this word as used in the term "any public official" in this section of our Constitution refers and pertains to cities, as well as to the state and the counties and districts into which the state is subdivided, as no sufficient reason can be found for so limiting its applicability as to exclude cities. The following authorities in one way or another support our views that the defendants are public officials within the meaning of this section of our Constitution: Attorney General v. Tillinghast, 203 Mass. 539, 89 N. E. 1058, 17 Ann. Cas. 449; Monette v. State and Thompson v. Same, 91 Miss. 662, 44 South. 989, 124 Am. St. Rep. 715; Patton v. Board of Health of City and County of San Francisco, 127 Cal. 388, 59 Pac. 702, 78 Am. St. Rep. 66; Lizano v. City of Pass Christian, 96 Miss. 640, 50 South. 981; Bankers' Surety Co. v. City of Newport, 162 Ky. 473, 172 S. W. 940; People v. Jaehne, 103 N. Y. 182 8 N. E. 374; Michael v. State, 163 Ala. 425, 50 South. 929; Schmitt v. Dooling, 145 Ky. 240, 140 S. W. 197, 36 L. R. A. (N. S.) 881, Ann. Cas. 1913B, 1078.

Since the defendants are "public officials" within the meaning of this section of our Constitution, the salaries fixed for them by the charter in force when they were elected to office on April 6, 1915, cannot be changed

during the term for which they were then elected; and the judgment of the trial court is reversed.