In the Matter of the Application of the CITIZENS' INDEPENDENT PARTY OF THE TOWN OF IRONDEQUOIT, MONROE COUNTY, NEW YORK, Petitioner.

Supreme Court, Monroe County, November 7, 1927.

Elections — town meeting — application for order preventing submission at town election of proposition to raise funds for construction of town hall — notice of town meeting sufficient — proposal sufficient under Town Law, § 340 — application denied.

This is an application for an order to prevent the submission at the biennial town election of the town of Irondequoit of a proposition to raise funds for the construction of a town hall therein. Plaintiff's claim that the notice for the meeting stating that the question "will be voted upon by ballot at the biennial town meeting of the town of Irondequoit to be held November 8, 1927," does not state the place where the meeting would be conducted, must be dismissed, since it appears that the biennial town meeting of the town is conducted at the same time and place as the general election.

The fact that the notice of submission did not contain a statement that the bonds were to be sold at not less than par did not invalidate said notice, since the electors vote the money for a specific purpose and do not determine the details attending the raising of the funds, which is a matter for the attention of the town officials.

A further claim that the proposal should have been framed and submitted so as to permit the town board to do either of two things is unwarranted, since section 340 of the Town Law prescribes three methods for the acquisition of a building for town purposes so that the proposition cannot be submitted in the alternative; the question referred to the electors must state specifically the particular course to be followed in obtaining a town building if the vote be in favor thereof.

The statute has been strictly adhered to in the case herein, and petitioner's application must be denied.

APPLICATION by petitioner for an order preventing the submission at the biennial town election of a proposition to raise money for the construction of a town hall.

*Mills & Leary,* for the petitioner.

*Arthur T. Pammenter,* for town clerk of the town of Irondequoit, respondent.

Cunningham, J.   The next biennial town meeting of the town of Irondequoit is to be held on November 8, 1927.   More than twenty days prior to that meeting fifty-one taxpayers of the town filed with the town clerk a written application, duly executed, requesting that at the town meeting a vote be had upon a proposition to raise the sum of $100,000 for the purpose of purchasing a site and constructing thereon a town house.   It thereupon became the duty of the town clerk to post notices of the submission of such proposed question and to furnish ballots therefor and the electors thereupon had the right to vote upon such proposal. (Town Law, §§ 48, 340.)

The jurisdiction of the court in this proceeding is not questioned. It has been held that ballots for the submission of town propositions prepared pursuant to sections 87 and 106 of the Election Law are official ballots.   (*People ex rel. Williams* v. *Board of Canvassers,* 105 App. Div. 197, 201; affd., 183 N. Y. 538.)

" The Supreme Court is vested with jurisdiction to summarily determine any question of law or fact arising as to *   *   * the form and contents of official ballots."   (Elec. Law, § 330, as amd. by Laws of 1924, chap. 405.)

However, this proceeding was not instituted by an aggrieved candidate or by the chairman of a committee, but in view of the provision that the law shall be construed liberally I have concluded to pass upon the questions raised by the petitioner.

The first objection is that the notice did not state the place where the town meeting would be held.   Although the clerk is required to post the notices of the submission of the question in only four public places, he did post the same in ten public and conspicuous places.   The notice stated that the question " will be voted upon by ballot at the biennial town meeting of the town of Irondequoit to be held November 8th, 1927."   The biennial town meeting of the town of Irondequoit is held at the same time and place as the general election.   Two different notices with respect to the general election are published by the board of elections, one in each of the four weeks preceding the election and the other at least six days before the election.   (Elec. Law, §§ 81–84.)   The time and place at which the proposition was to be voted upon are sufficiently stated in the notice.

The petitioner claims that the notice of submission should have contained a statement that the bonds were to be sold at not

less than par.   The electors vote the money for a specific purpose; they do not determine the details attending the raising of the funds.   Such particulars are prescribed by statute and must be observed by the town officials.   It was not necessary to state in the notice that the bonds should be sold at par.   (*Everett* v. *Village of Potsdam*, 112 App. Div. 727.)

The petitioner also contends that the proposal should have been framed and submitted so as to permit the town board to do either of two things, purchase a site and construct a town house thereon or purchase a site with " a building already constructed thereon " Section 340 of the Town Law, as amended by chapter 153 of the Laws of 1925, provides that the electors of the town may vote money " for the purchase of a site and the building of a town house, for the purchase of a site and a building already constructed thereon, *or* for the purpose of contributing to the erection of a building for the joint use of the town and of an incorporated village within its limits."

The law prescribes three methods for the acquisition of a building for town purposes.   The manner in which it shall be acquired must be determined by the voters.   The proposition therefor may not be submitted in the alternative.   The question referred to the electors must state distinctly the particular course to be followed in securing a town building, if the vote be in favor thereof.   This has been done in the case under consideration and the statute has been strictly followed.

The petition is denied.