WILLIAM F. GEBHARDT, Respondent, v. LESLIE E. WILCOX, Mayor, and Others, Constituting the Board of Trustees of the Village of Old Forge, Herkimer County, N. Y., as Such Board of Trustees and Not Individually, and LOUIS SPERRY, as Supervisor of the Town of Webb, Herkimer County, N. Y., and Others, as Members of and Constituting the Town Board of the Town of Webb, Herkimer County, N. Y., Respondents, and MAURICE CALLAHAN, an Interested Taxpayer and Voter, as a Party Defendant on Behalf of Himself and Other Taxpayers of the Village of Old Forge, Appellant.

Fourth Department, November 7, 1935.

*Cross & Cross* [*J. Theodore Cross, Bernon K. Tourtelot,* with him on the brief, of counsel], for the appellant, Maurice Callahan.

*Cregg, Rulison & Brazell* [*Howard V. Rulison* of counsel], for the defendants, respondents, constituting the village board.

*Wilbur, Winslow & Bennison,* for the defendant, respondent, supervisor.

*James P. Foley,* for the defendants, respondents, constituting the town board.

*Walter C. Rabenstein,* for the plaintiff, respondent.

THOMPSON, J.   As a result of a special election, under the provisions of section 350 of the Village Law, as amended by chapter 620 of the Laws of 1933, and the expiration of six months since the election was held, the village of Old Forge has been dissolved. Before the end of the six months' period immediately following the special election, and pursuant to the statute, the board of trustees called a second special election and submitted to it a proposition

for the disposition of the village property, the payment of village debts and liabilities, and the creation of improvement districts. The proposition was adopted. At the suit of plaintiff, a taxpayer of the village, the Special Term has held that the second special election was invalid because but one proposition was submitted, the court taking the view that the various proposals in reference to the setting up of improvement districts, which the statute authorized to be made a part of the proposition, should have been submitted as separate propositions, in order that the individual elector might vote on each proposal by itself. Plaintiff further asserts that the invalid submission at the second special election rendered void the result of the first special election at which the proposition to dissolve the village was adopted.

The statute does not make the dissolution of the village, at the expiration of six months after the election at which the proposition was adopted, to depend upon the proper submission, or submission at all, by the board of trustees of the proposition for the disposition of the village property at the special election, which it requires shall be held within that period. To the contrary, it expressly provides that at the expiration of the six months' period the village shall be dissolved; whereupon all its records, books and papers shall be deposited with the town clerk of the town in which the principal portion of the village is situate, to become a part of the records of such town, and that the supervisor of such town shall be the trustee of the property of the village. The favorable vote and the expiration of six months effects the dissolution of the village. There are no conditions imposed by the statute which affect the result in such a case. Other provisions of the statute are for the purpose of providing a method of liquidation of the assets and liabilities of the village, and the reorganization and continuance of its activities, as then operating for the benefit of its inhabitants, after dissolution has been voted. Proceedings under these provisions in no wise affect the validity of the legally attained determination of the village to dissolve.

The contention of the plaintiff, respondent here, that the proposition which was submitted at the second special election was invalid, there having been but one question upon which the voter could register his choice, cannot be sustained. The statute provides that when a " proposition " for the disposition of the village property shall be submitted, there may be also included in such proposition " a proposal " to create certain town improvement " district or districts," as defined in the Town Law. The statute clearly provides for the submission of but one proposition. The proposals are to be " included in such proposition." " There may also be

included in such proposition a proposal to establish and create a district or districts, * * * which district or districts, * * * shall be town improvement districts * * * to take over, carry on and operate such improvements in said territory as shall have been specified in such proposition. * * * Upon the adoption of such a proposition the district, or districts, shall without further action be * * * established." (Village Law, § 350, as amd. by Laws of 1933, chap. 620.) The fact that the statute which permits the inclusion of proposals to establish and create improvement districts in such proposition in precise terms, does not specifically direct that such a " proposal " shall constitute a " proposition " to be separately submitted and voted upon at the special election, clearly shows the legislative intent that the subjects which were permitted to be included in the proposition were not to be treated as propositions, but as parts of the one proposition to which the special election was carefully limited.

Upon dissolution of the village its voting inhabitants have two alternatives — one the disposition of all the property of the village, including village improvements, such as water, light and sewage disposal plants and equipment, and the consequent termination of the services they performed, or the forming of town improvement districts, and the taking over and carrying on by them of the existing village improvements. In compliance with the statute, these two policies have been submitted to the people for their choice. They have spoken, and their registered judgment and wishes must be respected. If their action has been reasonably conformable to the law, it must be sustained. As worthily said by CRANE, J., in *Matter of Lauer* v. *Board of Elections* (262 N. Y. 416, at p. 419): " The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, an equal chance and opportunity for every one to express his choice at the polls."

As already seen, the determination of this controversy depends entirely upon the terms of the applicable statutes, and their observance in the several proceedings that we are here examining. The provisions of section 106 of the Election Law and section 57 of the Village Law, to the effect that *if more than one proposition or question is to be submitted to the voters the propositions or questions shall be separately numbered and printed*, do not apply, the statute at hand covering the subjects of these special elections completely, thus excluding the authority of any other statute. (*Matter of City of Brooklyn*, 148 N. Y. 107.)

Whether or not further formal action on the part, or in behalf,

of the village shall prove to be necessary, we do not here decide. (See *Mead* v. *Turner*, 134 App. Div. 691, bottom of p. 695.)

In *Mead* v. *Turner* (*supra*) and *Everett* v. *Village of Potsdam* (112 App. Div. 727) we find analogy with the conclusion that we have reached. The *Mead* case came up on the submission of a proposition to provide for the disposal of the sewage of a village — a single proposition was submitted. In discussing the contention, under section 6 of the Election Law of 1896, that several propositions should have been submitted, at page 695 Judge BURR said: " The proposition to be voted upon was a simple one, namely, shall a sewer system be constructed? It was not necessary that every detail of the plan adopted by the two municipalities should be separately stated and numbered, provided that they were all germane to the main question submitted to the electors for their approval or rejection and facilitated its accomplishment." The *Everett* case came up under section 82 of the Election Law of 1896, which is the source of section 106 of the present Election Law. The plaintiff taxpayer complained therein because more than one proposition was submitted without separately numbering and printing them. The question was whether or not a village should operate a lighting system by village water power, steam power, a purchased electric current or " any approved method of combination of any of the foregoing methods." The court held that these were unnecessary details and their omission as independent questions was unimportant and harmless. In considering these cases, it should be noted that neither of them was governed by the statute which we are here examining, or a similar one.

We content ourselves with the determination that thus far the proceedings of the village, to effect its dissolution and wind up its affairs, to establish and create the several improvement districts it has undertaken to organize, to turn over the property of the village to such improvement districts, to secure the assumption of certain village indebtedness by one of the districts, and to provide for a bond issue by another, the avails of which are to be used to pay existing obligations, are appropriate, adequate and, in all respects, valid.

Moved by these considerations, we conclude that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.