Donald R. Guerra, Esq. Village Attorney, Sloan
We acknowledge receipt of your letter inquiring whether there is now a timetable for filing a petition for and submitting a proposition on the question of dissolution of a village under Village Law Articles 9 (sections 9-900 through 9-916) and 19 (sections 19-900 through 19-1924). You inquire because formerly there was a timetable for this which by an amendment to the Village Law by Chapter 434 of the Laws of 1977 was either changed or repealed. Obviously, if the timetable for the procedure was repealed and not replaced by a new one it becomes questionable, at the very least, whether the dissolution procedure is available to the residents of a Village.
Chapter 434 of the Laws of 1977 amended Village Law § 9-912, subdivision 1, to increase the number of signatures necessary for a petition demanding a referendum on certain subjects and to insert in subdivision 1 a timetable for holding the referenda; it repealed subdivision 4, which had provided a timetable and it renumbered subdivision 5 to be subdivision 4. Subdivision 3 was not changed — it authorizes submitting a proposition for the dissolution of a village in accordance with Article nineteen of the Village Law. The timetable contained in former subdivision 4 related to the questions described in subdivisions 2 and 3. The new subdivision 1 provides that the proposition on any of the questions set forth "in the following subdivision" be submitted according to the timetable now contained in that subdivision.
The uncertainty arises because Village Law § 9-912
subdivision 1 sets forth a timetable for the submission of the questions listed in the following "subdivision," i.e., subdivision 2 whereas dissolution of a village is provided for in subdivision 3 and no other timetable exists except that mentioned in subdivision 1. If the work "subdivision" had been used in the plural instead of the singular there would be no uncertainty as to the legislative intent.
McKinney's "Statutes" § 252 provides that "the grammatical form of words must give way if it conflicts with the legislative intent and where such is the case words in the singular may be construed as plural and vice versa." With this precept in mind we can search for clues to the legislative intent. In examining the actual bill which was before the Legislature, Assembly Bill No. 888-A for the year 1977, we see at the foot of the bill the following note:
 "Note. — Subdivision four of section 9-912
of the village law, proposed to be repealed by this act will be superseded by the amendments effected herein to subdivision one of such section."
Such a note, according to McKinney's "Statutes" § 123 subdivision c, is entitled to great weight in determining legislative intent. The intent expressed in the note accompanying the bill is that the timetable in the new subdivision 1 will control all of the questions contemplated in Village Law § 9-912 subdivisions 2 and 3; subdivision 4 applied to subdivisions 2 and 3 and if the amended subdivision 1 was to "supersede" subdivision 4 it likewise would apply to subdivisions 2 and 3 unless other provisions were made.
In our opinion, the timetable for conducting the referendum authorized by Village Law § 9-912 subdivision 3 to dissolve a village is contained in Village Law § 9-912 subdivision 1 as modified by Village Law § 19-900 subdivision 1.
You report that a petition has been filed demanding a referendum on dissolution of the village. You state that the petition does not contain any plan for implementing the dissolution. From this we conclude that there is no other objection to the form and content of the petition and that it has been signed by at least one-third of the village electors, as required by Village Law § 19-1900 subd 1.
Village Law, § 19-1900 relates to submitting a proposition to the village electors as provided by Article 9 of the Village Law, for dissolution of the village. Village Law § 19-1904 provides that, in addition to the question on dissolution of the village, the "proposition" shall contain a plan for the disposition of the village property, the payment of outstanding obligations of the village, including the levy and collection of the necessary taxes and assessments therefor, and such other matters as may be necessary. Sections 19-1910 through 19-1918 provide what shall be done in relation to implementation of the dissolution of the village if the plan mentioned in Village Law §19-1904 does not make other provision. You inquire whether a plan must accompany the petition or be set forth in the petition.
Somewhat similar provisions were contained in the former Village Law § 350 subd 4, as amended by Chapter 620 of the Laws of 1933, which were interpreted in Gebhardt v Wilcox, 245 App. Div. 580 (1935). However, at that time two successive propositions were contemplated, the first being the proposition to dissolve which, if it carried, would be followed by the second, which would be the plan to effect the transition. The statute provided the method to effect the transition if the proposition were defeated. The Gebhardt case indicates that the plan to effect the transiction was prepared by the village board of trustees after voter approval of he referendum to dissolve the village.
The present Village Law does not contain a provision that the petition will contain the plan. The change from two separate propositions, voted upon at separate times, under the old law, to a single proposition under the new law, is not enough, in and of itself, to transfer from the board of trustees to the petitioners the burden of devising the plan. The expertise in village affairs generally lies with the village officers and employees, not the citizenry. It would be inappropriate, and we do not believe it was the intent of the Legislature, to require the petition to contain the plan. If the Legislature had intended this it would have said so. The people are given the right to demand a vote on their future status. This is not coupled with any duty to devise the method of change. Devising the method is a legislative function to be exercised by the village board of trustees subject only to the requirement that it be submitted to the people for their approval.
In our opinion, it is not necessary that the petition for dissolution of a village submitted to the village board of trustees contain a plan for the disposition of village property, payment of obligations including the levy and collection of the necessary taxes and assessments therefor, and such other matters as may be necessary to wind up the village affairs; it is the duty of the village board of trustees to formulate the plan.